Miscellaneous Docket No. 16-105

IN THE

# United States Court of Appeals

FOR THE FEDERAL CIRCUIT

_____

In Re: TC HEARTLAND, LLC,

*Petitioner.*

ON PETITION FOR A WRIT OF MANDAMUS TO THE U.S. DISTRICT
COURT FOR THE DISTRICT OF DELAWARE IN CASE NO. 14-028 (LPS)

## REPLY IN FURTHER SUPPORT OF
## PETITION FOR WRIT OF MANDAMUS

JAMES W. DABNEY
  *Counsel of Record*
RICHARD M. KOEHL
WANDA FRENCH-BROWN
DAVID E. LANSKY
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

JOHN FITZGERALD DUFFY
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, DC 20006
(202) 721-4600

*Attorneys for Petitioner*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... ii

1. The Basis and Reasoning of Fourco ................................................1

2. *VE Holding*'s Unjustified Departure From *Fourco*...........................5

3. The New Language of § 1391 .........................................................7

4. Personal Jurisdiction..........................................................................9

5. Stare Decisis .....................................................................................10

CONCLUSION ...................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Atlantic Marine Construction Co. v. United States District Court for the
     Western District of Texas*,
     134 S. Ct. 568 (2013) ...................................................................................9, 10

*Brunette Mach. Works Ltd. v. Kockum Indus., Inc.*,
     406 U.S. 706 (1972) ...............................................................................................5

*Fourco Glass Co. v. Transmirra Products Corp.*,
     353 U.S. 222 (1957) .....................................................................................*passim*

*Stonite Products Co. v. Melvin Lloyd Co.*,
     315 U.S. 561 (1942) ...............................................................................1, 2, 6, 7

*Transmirra Products Corp. v. Fourco Glass Co.*,
     233 F.2d 885 (2d Cir. 1956), *rev'd,* 353 U.S. 222 (1957) ..........................3, 4, 6

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
     917 F.2d 1574 (1990) ..................................................................................*passim*

**STATUTES AND RULES**

28 U.S.C. § 109 (1940) ...................................................................................2, 3

28 U.S.C. § 1391 .........................................................................................*passim*

28 U.S.C. § 1400(b) ....................................................................................*passim*

28 U.S.C. § 1694 .........................................................................................*passim*

62 Stat. 869, 935 (1948) ....................................................................................3, 6

125 Stat. 284, 331 (2011) .......................................................................................9

Federal Rule of Civil Procedure 4(k)(1)(A) ......................................................10

Federal Rule of Civil Procedure 4(k)(1)(C) ...................................................1, 10

Kraft advances deeply ahistorical arguments in responding to the petition. Kraft does not even mention the history underlying 28 U.S.C. § 1400(b) which formed the basis for the Supreme Court's decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957). Indeed, it is only by ignoring that history—and the specific lineage of patent jurisdictional and venue statutes which are still in force today—that Kraft can advance the flawed and patently erroneous argument that: "Under Heartland's theory, a patentee must pursue an alleged infringer in every individual state in which infringing sales are made . . . [or] sue the infringer in its home district once." Kraft Br. at 23.

In fact, 28 U.S.C. § 1694 authorizes service of process "in a district where the defendant is not a resident but has a regular and established place of business." Under Federal Rule of Civil Procedure 4(k)(1)(C), a patentee can obtain personal by serving process under § 1694 and thereby obtain complete relief in any district where a defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). By attempting to sue petitioner in Delaware, Kraft sought to circumvent the statutory scheme that 28 U.S.C. §§ 1400(b) and 1694 clearly prescribe. The petition should be granted.

1. The Basis and Reasoning of Fourco.  *Fourco* was not the Supreme Court's first decision on the issue of where patent defendants could properly be sued. In *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561 (1942), the Court

1

construed § 48 of the then-existing Judicial Code (then unofficially codified at 28 U.S.C. § 109 (1940)). That statute consisted of two sentences, which are worth quoting because both survive in modern law:

> In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought.

*Stonite*, 315 U.S. at 562 n.1 (quoting § 48).

Section 48 spoke in terms of "jurisdiction," and the Supreme Court held that Congress enacted the section during the late nineteenth century "to define the exact jurisdiction of the federal courts in actions to enforce patent rights." 315 U.S. at 565. On its face and as interpreted in *Stonite*, § 48 prescribed both personal jurisdiction and venue in patent suits. Based on the history and specificity of § 48, *Stonite* held that the statute defined "the exact limits of venue in patent infringement suits" and that it was to be read "wholly independent" of the general venue provisions existing elsewhere in the Judicial Code. *Stonite*, 315 U.S. at 566, 567.

In 1948, Congress enacted Title 28 into positive law, and during the codification process, the two sentences of § 48 were separated and their language slight-

ly modified.  The first sentence was codified as 28 U.S.C. § 1400(b) (2012), which

survives unchanged to this day:

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The second sentence was codified in 28 U.S.C. § 1694 (2012), which also

has not changed since 1948.  Section 1694 states:

> In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business.

As discussed *infra*, § 1694 provides a complete answer to Kraft's erroneous

argument that, under the interpretation of 28 U.S.C. § 1400(b) advanced by Heart-

land (and previously adopted by the Supreme Court), a patentee supposedly could

not obtain complete relief in a single action brought outside the defendant's state of

incorporation.  For present purposes, however, we will focus first on § 1400(b).

Because the 1948 codification had both (i) changed the language of what

had been the first sentence of § 48 (the phrase "is an inhabitant" was change to "re-

sides") and (ii) placed the revised sentence into the chapter of title 28 devoted to

"venue," the Second Circuit in *Transmirra Products Corp. v. Fourco Glass Co*.,

233 F.2d 885 (2d Cir. 1956), *rev'd,* 353 U.S. 222 (1957), reasoned that the newly

codified § 1400(b) should be "read together" (*id*. at 886) with § 1391, which was

3

entitled "Venue generally" and provided in subsection (c) a definition of a corporation's "residence" to encompass "any judicial district in which [the corporation] is incorporated or licensed to do business or is doing business." 233 F.2d at 885-86 (quoting § 1391). The Second Circuit reasoned that the "plain meaning of the two statutes" requires that the definition of corporate residence be incorporated into § 1400(b) "just as that definition is properly to be incorporated into other sections of the venue chapter, e.g., §§ 1392, 1393, 1395, 1396, 1397, 1400, etc." *Id.* at 886.

On certiorari in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957), the Supreme Court thoroughly rejected the Second Circuit's logic. The Court acknowledged that, while the terms of § 1391(c) might appear to be "clear" and to embrace "all actions—including patent infringement actions"—the relevant "question is not whether § 1391(c) is clear and general, but, rather, it is pointedly, whether § 1391(c) supplements § 1400(b), or . . . whether the latter is complete, independent and alone controlling in its sphere." *Id.* at 228. The Court chose the second alternative and held that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *Id.* at 229. The Court subsequently noted: "Congress placed patent infringement cases in a class by themselves, outside the scope of general venue legislation." *Brunette Mach. Works Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 (1972).

4

2. *VE Holding*'s Unjustified Departure From *Fourco*.  *Fourco* remained controlling and unquestioned authority on patent venue until a panel of this Court decided *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990). *VE Holding* held that, by making modest changes in the language of § 1391(c), Congress in 1988 had intended to vitiate the Supreme Court's controlling law on patent venue.  The key change—according the *VE Holding* panel—was that the new version of § 1391(c) stated "*[f]or purposes of venue under this chapter*" whereas the pre-1988 version of § 1391(c) had stated "for venue purposes." 917 F.2d at 1578 (quoting new and old versions of § 1391(c); emphasis in original).  The *VE Holding* panel acknowledged the "lack of express legislative history indicating that the 1988 amendment of § 1391(c) was intended to change the scope of venue in patent infringement cases," but the panel nonetheless believed that the shift from the phrase "for venue purposes" to "[f]or purposes of venue under this chapter" created "exact and classic language of incorporation."  *Id*. at 1579.

For at least three reasons, *VE Holding* was wrongly decided.  First, the 1988 change in language from "for venue purposes" to "[f]or purposes of venue under this chapter" was far, far more trivial than the language changes that had occurred in 1948 and that *Fourco* specifically rejected as a basis for deviating from the prior holding in *Stonite* that the special patent venue statute was not to be read in conjunction with definition of corporate residence in the general venue statute.

Second, the reasoning of the panel in *VE Holding* was nearly identical to the reasoning of the Second Circuit panel that was rejected in *Fourco*. The Second Circuit had also reasoned that, under the "plain meaning" of the relevant statutory language, § 1391(c)'s definition of corporate residence is to be "incorporated into other sections of the venue chapter." 233 F.2d at 886. The Supreme Court did not dispute that § 1391(c)'s language was "clear and unambiguous" or that the clarity of that language would ordinarily lead to § 1391(c)'s definition being incorporated into all other sections of the venue chapter. Instead, the Supreme Court reasoned that "whether § 1391(c) is clear and general" is simply not the right question. In short, "exact and classic language of incorporation" existed at the time of *Fourco*, but the Supreme Court reasoned that focusing on the clarity of that language is not the correct approach to interpreting § 1400(b).

Third, the *VE Holding* panel nowhere considered the implications of § 1694 and the *in pari materia* canon. As previously discussed, § 1400(b) and § 1694 were originally part of a single statutory section--§ 48 of the Judicial Code that was interpreted in *Stonite*. Sections 1400(b) and 1694 both use the concept of *residence* just as the first and second sentences of their predecessor statute used the term "inhabitant" and were held "to define the exact jurisdiction of the federal courts in actions to enforce patent rights." *Stonite*, 315 U.S. at 565. Thus, the canon of *in pari materia*—that the two provisions should be interpreted consistently

6

with each other—is fully applicable. Indeed, *Fourco* expressly invoked the rule that "change of arrangement, which placed portions of what was originally a single section in two separated sections cannot be regarded as altering the scope and purpose of the enactment." 353 U.S. at 227. There is no argument that Congress has ever altered the definition of residence in § 1694. Section 1694 involves service of process (and relatedly personal jurisdiction), not venue. Nothing in § 1391(c) could or did alter § 1694. Since § 1400(b) should be construed *in pari materia* with § 1694, the two should be interpreted as using the same concept of corporate residence—with residence defined, as in *Stonite* and *Fourco*, to embrace only the traditional definition of corporate residence (the place of incorporation). The alternative produces the extremely odd situation that a defendant's residence would be defined differently in § 1400(b) and in § 1694.

3. The New Language of § 1391. *VE Holding* does not, however, need to be formally overruled in this case because the language of § 1391 changed in 2011. As amended, the section now contains the predicate that the entirety of the section applies "[e]xcept as otherwise provided by law." 28 U.S.C. § 1391(a) (2012). Kraft makes three errors in dismissing the significance of this language.

First, where a statute such as § 1400(b) has been interpreted as being "the sole and exclusive provision controlling venue" in a particular class of actions (*Fourco*, 353 U.S. at 229), then the *entirety* of § 1391 is inapplicable. The Su-

preme Court's interpretation of § 1400(b) triggers application of the "[e]xcept as otherwise provided by law" clause, and patent venue is then controlled only by applying § 1400(b) and the judicial interpretations of that language without supplementation by § 1391(c).

Second, Kraft wrongly argues that, under the reasoning of *VE Holding*, *Fourco* purportedly had been a "dead letter" for years by the time of the 2011 amendments. Kraft Br. at 12. Even assuming, for purposes of argument, that *VE Holding* was correctly decided, that decision was based on very specific statutory language that Congress undeniably repealed in 2011. *VE Holding*'s rationale was that specific language in Congress's 1988 amendment of § 1391(c) showed an intent to supersede *Fourco*. If Congress had merely repealed the phrase "[f]or purposes of venue under this chapter" and restored the language of § 1391 to the same as it was when *Fourco* was decided, then surely no good argument could be made that *Fourco* would not apply. The 2011 amendments went a step further, stating now that § 1391 is inapplicable where "otherwise provided by law."

Third, Kraft again errs by assuming that *VE Holding* was correct in refusing to follow *Fourco*. In fact, the objective indications are that, both before and after the 2011 amendments to § 1391, the Supreme Court and the Congress continued to believe that § 1400(b) is the exclusive provision governing patent venue. Thus, for example, just prior to the enactment of the 2011 amendments to § 1391, Congress

8

passed the America Invents Act, which in § 18(c) provided that "an automated teller machine shall not be deemed to be a regular and established place of business for purposes of section 1400(b) of title 28, United States Code."  125 Stat. 284, 331 (2011). That provision makes no sense unless *Fourco* remains good law; for if *VE Holding* were correct, any plaintiff could obtain venue over a banking corporation (the only realistic owner of ATMs) through the concept of "residence" as broadly defined in § 1391(c). Similarly, in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 577 n.2 (2013), the Supreme Court showed its belief that § 1391 is not applicable to patent cases, and § 1400 is.

4. Personal Jurisdiction.  Kraft erroneously asserts that, under the interpretation of 28 U.S.C. § 1400(b) advanced by Heartland, "a patentee must pursue an infringer in every individual state in which infringing sales are made" or else "sue the infringer in its home district once."  Kraft Br. at 23.  In fact, 28 U.S.C. § 1694 expressly authorizes service of process in patent infringement actions that are brought in a district "where the defendant is not a resident but has a regular and established place of business."  Under Federal Rule of Civil Procedure 4(k)(1)(C), "[s]erving a summons . . . establishes personal jurisdiction . . . when authorized by a federal statute."  The statutory scheme thus clearly permits patentees to obtain complete relief in multiple congressionally specified districts.

9

The constitutional objections detailed in part II of Heartland's opening brief arise only where, as here, a patent infringement plaintiff tries to circumvent the provisions of 28 U.S.C. §§ 1400(b) and 1694 and invokes the limited authority of "a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. Proc. 4(k)(1)(A).  That course quickly then leads to the constitutional issues thoroughly discussed in Heartland's opening brief.  The Court need not reach those issues here, for venue is clearly improper under § 1400(b).

5. <u>Stare Decisis</u>.  Consistent patent practice for decades—practice supported by not just one but two unequivocal Supreme Court decisions—is the relevant precedent to be respected here.  Indeed, the Supreme Court's recent statement in *Atlantic Marine*—that § 1391 governs only where a more specific venue statute such as § 1400 does not apply—is a strong indication of whether the Supreme Court will view its precedents on § 1400 as having been rendered a "dead letter" (Kraft Br. at 12), to use Kraft's characterization.

## CONCLUSION

Heartland's petition raises a basic and undecided question that has broad importance to the patent community.  This case provides an excellent vehicle for the resolution of that question.  Twenty-five corporate amici and three public interest law groups have urged that the petition be granted.  The Court should grant the petition and order this case transferred to the Southern District of Indiana.

Dated:  November 16, 2015

JAMES W. DABNEY
RICHARD M. KOEHL
WANDA FRENCH-BROWN
DAVID E. LANSKY
HUGHES HUBBARD & REED LLP
One Battery Park Plaza.
New York, New York. 10004
212-837-6000

JOHN F. DUFFY
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, DC  20006

By:   /S/JAMES W. DABNEY

*Attorneys for Petitioner*

67011795

### CERTIFICATE OF FILING AND SERVICE

## United States Court of Appeals
## for the Federal Circuit

*In Re: TC HEARTLAND, LLC*

### CERTIFICATE OF SERVICE

I, Simone Cintron, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by HUGHES HUBBARD & REED LLP, Attorneys for Petitioner to print this document. I am an employee of Counsel Press.

On the **16th day of November, 2015**, counsel for Petitioner authorized me to electronically file the within **Reply in Further Support of Petition for Writ of Mandamus** with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John David Luken
Joshua Lorentz
Dinsmore & Shohl LLP
*Attorneys for the Respondent*
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(513) 977-8200
john.luken@dinslaw.com
joshua.lorentz@dinsmore.com

In addition, 2 copies of the Reply have been sent to the U.S. District Judge via Express Mail:

The Honorable Leonard P. Stark
Chief Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, Delaware 19801

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

November 16, 2015                          /s/ Simone Cintron
                                          Simone Cintron
                                          Counsel Press