**Case No. 16-105**

---

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

IN RE:  TC HEARTLAND, LLC,

*Petitioner.*

---

On Petition For A Writ Of Mandamus To The U.S. District Court For The District Of Delaware In Case No. 14-00028 (LPS), Chief Judge Leonard P. Stark.

---

**BRIEF OF AMICI CURIAE GUY FIELDER, JON D. PAUL; NETWORK-1 TECHNOLOGIES, INC.; NEUROGRAFIX; PAUL MORINVILLE; SCIENTIFIC TELECOMMUNICATIONS, LLC; AND US INVENTOR, INC. IN SUPPORT OF RESPONDENT**

BRIAN D. LEDAHL
MARC A. FENSTER
RUSS AUGUST & KABAT
12th Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991

*Attorneys for Amici Curiae*
November 16, 2015

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

No. 16-105

## CERTIFICATE OF INTEREST

Counsel for *Amici Curiae* certifies the following:

1.    The full name of every party or amicus represented by me is:

       Guy Fielder, Jon D. Paul, Network-1 Technologies, Inc.; Neurografix; Paul Morinville, Scientific Telecommunications, LLC, and US Inventor, Inc.

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

       N/A

3.    All parent corporations and publicly held companies that own 10 percent or more of the stock of the party or amicus represented by me are:

       N/A

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

       None appeared in the lower tribunal.  Brian D. Ledahl appears in this court for *amici.*

NOVEMBER 16, 2015                              /s/  Brian D. Ledahl_____
                                                             Signature of counsel


                                                             Brian D. Ledahl_____
                                                             Printed name of counsel

i

## TABLE OF CONTENTS

CERTIFICATE OF INTEREST.......................... **Error! Bookmark not defined.**

INTEREST OF AMICI CURIAE .......................................................... 1

INTRODUCTION ............................................................................... 2

CONGRESS DEFINED "RESIDENCY" FOR ALL VENUE PURPOSES ...... 4

   A.  Congress Expressly Defined Residency Contrary to Petitioner's
Arguments ...................................................................................... 5

   B.  The Supreme Court's Precedent from 1892 Does Not Constitute A
Definition "Otherwise Provided By Law" ....................................... 6

PETITIONER'S INTERPRETATION COULD LEAD TO PERVERSE
UNINTENDED CONSEQUENCES .................................................... 9

PETITIONER'S *AMICI* FALSELY ACCUSE U.S. COURTS OF
CORRUPTION .............................................................................. 12

CONCLUSION................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ............................................................................... 7, 8

*Shaw v. Quincy Mining Co.*,
  145 U.S. 444 (1892) ............................................................................... 7, 8

**Statutes**

28 U.S.C. § 1391 ............................................................................. *passim*
28 U.S.C. § 1400 ............................................................................. *passim*

**Internet Sources**

Erin Coe, *4 Ways to Knock Out A Frivolous Patent Suit In East Texas*, Portfolio Media, Inc., (Nov. 9, 2015)
http://www.law360.com/ip/articles/723519?nl_pk=4e82f1c3-27f3-4d47-bf94-04f5e8f2aec6&utm_source=newsletter&utm_medium=email&utm_campaign=ip………………………………………………………13

## INTEREST OF AMICI CURIAE

*Amici curiae* are inventors, patent owners, and a non-profit organization representing inventors.[1]  They possess rights granted to them by the United States Patent and Trademark Office pursuant to the Patent Act (Title 35 of the United States Code), and Section 8 of Article I of the United States Constitution.  These patents provide the exclusive right to make, use, sell or offer for sale the inventions claimed therein for a set period of time.  All too often, however, others trespass upon the rights of *amici curiae* and other holders of United States Patent rights.  A patent holder's sole means of enforcement of its rights is through a suit for patent infringement. Petitioner and its supporting *amici* seek to change the law to dramatically curtail the ability of a patent holder to vindicate its rights.  The changes to the law advocated by Petitioner and its supporting *amici* would impose significant burdens on inventors and their assignees, and would encourage infringing behavior and piracy.

---

[1]Pursuant to Fed. R. App. P. 29(a), all parties to this matter have consented to the filing of this brief.  Pursuant to Fed. R. App. P. 29(c), *amici* certify that no counsel for a party authored this brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund preparing or submitting this brief.  No person or entity, other than *amici*, their members, or their counsel, contributed money intended to fund preparing or submitting this brief.

## INTRODUCTION

The instant Petition asks this Court to reject the clear and unambiguous language enacted by Congress, to reverse its prior precedents, and to impose judge-made venue rules that could create absurd consequences if accepted.  28 U.S.C. § 1400(b) governs venue for suits alleging patent infringement.  That provision provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  The Petition addresses itself to the first clause, and specifically the reference to a judicial district where the defendant resides.  Petitioner and its *amici* argue that a corporation or other fictitious business entity "resides" only in the state of its incorporation.  No party disputes that Section 1400(b) is a venue provision.  Petitioner, however, asks this Court to ignore Congress's express definition of the word "resides" when that word appears in a venue provision.  In 28 U.S.C. § 1391(c), Congress stated: "**For all venue purposes** - . . . (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not

2

incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." (emphasis added).

The arguments advanced in the Petition – that an action for patent infringement must be brought in the jurisdiction in which the defendant is incorporated – conflict with the clear language of the relevant statute, and with this Court's established precedent. Moreover, the rule advocated by the Petition would create unintended, but dramatic results depriving patent holders throughout the United States of their property rights.  Most notably, under Petitioner's argument, a foreign defendant not incorporated in the United States, and with no regular and established place of business in the United States, would not be the subject of proper venue for a suit for patent infringement in <u>any</u> court in the United States.  Ordinarily, this apparent dilemma would be resolved by resort to 28 U.S.C. § 1391(c)(3), which provides for venue over defendants not resident in the United States.  But the Petition argues that no part of Section 1391(c) may be considered in determining

venue for an action for patent infringement.  Thus, Petitioner and its *amici*, argue for a bizarre statutory interpretation in which Congress completely immunized all foreign entities from suit for infringement of United States patents in all courts of the United States by the device of excluding them from the venue statute.  Petitioner and its *amici* cannot credibly argue that this was the intent of Congress.  To the contrary, Congress expressed its clear intent in amending Section 1391(c) in 2011 to make clear that its definition of "residency" applies "for all venue purposes."

## CONGRESS DEFINED "RESIDENCY" FOR ALL VENUE PURPOSES

As noted above, Congress enacted a universal definition of residency for all venue purposes.  In 2011, Congress amended 28 U.S.C. § 1391(c) to define residency "for all venue purposes."  Petitioner and its *amici* argue that this definition by Congress should not apply to one venue provision – that found in 28 U.S.C. § 1400.  The argument advanced by Petitioner suffers from at least two flaws, each of which is fatal.  First, Petitioner's argument conflicts with the plain language of Section 1400.  Second, Petitioner's argument for a different interpretation relies exclusively on a Supreme Court

decision of 1892 that, to the extent it retained any force, was overruled by Congress's 2011 amendment to Section 1391(c).

## A. Congress Expressly Defined Residency Contrary to Petitioner's Arguments

In 2011, Congress enacted various amendments to 28 U.S.C. § 1391. One such amendment was to change Section 1391(c) to recite express definitions for residency. The subsection begins by reciting, as to all three subsections, that it applies "[f]or all venue purposes." Section 1400 provides the specific venue provision applicable to patents, copyrights and mask works. Section 1400(a), applicable to copyrights and mask works, recites that venue is proper "in the district in which the defendant or his agent **resides** or may be found." (emphasis added). Section 1400(b), applicable to patents, recites that venue is proper "in the judicial district where the defendant **resides**, or where the defendant has committed acts of infringement and has a regular and established place of business." (emphasis added). No portion of Section 1400 provides any express definition of "resides." The only definition provided by Congress is found in Section 1391(c), which expressly applies "for all venue purposes."

In 2011, Congress had many choices in amending venue statutes. It chose to enact a provision, Section 1391(c), to expressly define "resides" for "all venue purposes." The Petition asks the Court to ignore this clear pronouncement by pointing to a different subsection, Section 1391(a), which begins "Except as otherwise provided by law." Petitioner and its *amici* argue that this provision voids any and all relevance of Section 1391(c) and its clear definition of "resides" for this inquiry. But Petitioner acknowledges that there is no contrary statutory language anywhere in the United States Code that would render the definitions of Section 1391(c) inapplicable to the venue purpose of the patent and copyright venue statute – Section 1400. Instead, Petitioner relies exclusively on judge-made law. As shown in the following section, Petitioner's reliance is misplaced.

### B.     The Supreme Court's Precedent from 1892 Does Not Constitute A Definition "Otherwise Provided By Law"

Petitioner argues that the Supreme Court defined "resides" for purposes of Section 1400 in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957). *Fourco* did consider the interpretation of Section 1400(b). It did not, however, create a special definition of "resides"

for purposes of Section 1400.  Instead, the *Fourco* Court examined whether the venue provisions of Section 1400 were "supplemented" by the general venue provisions of Section 1391 (at that time).  The Court held that they were not.  But at that time, Section 1391(c) did not define "resides" for all venue purposes as it does now.

The *Fourco* Court held that "resident" in Section 1400, which had been changed from "inhabitant," was synonymous for venue purposes with "domicile," and that all these terms, in respect to corporations, mean the state of incorporation only.  *Fourco*, 353 U.S. at 226.  For this assertion, the *Fourco* Court relied on an earlier case, *Shaw v. Quincy Mining Co.*, 145 U.S. 444 (1892).

In *Shaw*, the Court considered the meaning of "inhabitant" **<u>for venue purposes</u>**.  Specifically, the Court considered the general venue provisions applicable to corporations, which at that time referred to venue over a party in the "district whereof he is an inhabitant."  *Shaw*, 145 U.S. at 449.  Thus, in *Shaw*, the Supreme Court considered the meaning of "inhabitant" as used in all venue statutes.  Congress had given no express definition of the term.  In *Fourco*, the Court, held that "resident" or "resides" had the same meaning as

"inhabitant" in venue statutes and thus applied that meaning to Section 1400(b).

At least by 2011, Congress expressly rejected the statutory interpretation of *Shaw* by stating a different, express definition of "resides" for all venue purposes. Thus, to the extent it could have remained applicable, *Shaw* was overruled by Congress in its 2011 amendment of Section 1391(c). To the extent *Fourco* retained any force at that time, it too was necessarily overruled as relates to the definition of "resides" for venue purposes.

Petitioner's argument rests solely on the contention that Section 1391(a) recites that the applicability of the section is "[e]xcept as otherwise provided by law." The only law "otherwise provided" that Petitioner identifies is the Supreme Court's *Fourco* decision. That decision, however, merely relied upon the 1892 *Shaw* definition of "inhabitant" (and therefore "resident" or "resides") for venue purposes. Congress expressly enacted a contrary definition of "resides" for all venue purposes in 2011, overruling the only "otherwise provided" law that could possibly support the interpretation advanced by Petitioner and its *amici*.

## PETITIONER'S INTERPRETATION COULD LEAD TO PERVERSE UNINTENDED CONSEQUENCES

As shown in the preceding sections, Petitioner and its *amici* advance an incorrect interpretation of Section 1400 contradicting the clear statutory language. Additionally, Petitioner's argument leads to a nonsensical consequence – it would prevent all actions against foreign infringers in U.S. Courts.

Petitioner's argument rests on the premise that no part of Section 1391(c) may be considered in interpreting and applying Section 1400(b). As discussed at length above and in the parties' briefs, Section 1391(c)(2) defines residency for entities that are not natural persons. But Section 1391(c)(3) provides an additional important provision that "a defendant not resident in the United States may be sued in any judicial district . . . ." When correctly interpreted, this provision defines residency in Section 1400(b) for foreign defendants and makes clear where they are subject to suit in the United States.

The Petition argues, however, that Section 1391(c) (3) may not be considered (as no provision of Section 1391(c) may be considered) in interpreting Section 1400(b). Thus, under Petitioner's argument, if

a patent infringer neither resides in any judicial district, nor has a regular and established place of business in any judicial district, then there is no venue where a suit for patent infringement may be brought against that infringer.  It seems beyond debate that Congress did not intend to enact a provision that immunized foreign actors for piracy of U.S. intellectual property.  Indeed, such a provision would create a bizarre and perverse incentive for business to flee the United States to avoid liability through the nonsensical loophole created by Petitioner's proposed interpretation.

Since Section 1391 was amended in 2011, Congress has considered other amendments to that provision and to Section 1400(b).  These proposed amendments and the commentary surrounding them confirm that Petitioner's interpretation of the statute as it stands today is simply wrong.  For example, in proceedings of the House Judiciary Committee in 2015, members considered possible amendments to Section 1400(b).  Representative Goodlatte, for example, offered amendment language to Section 1400(b) that would recite a variety of bases for venue for patent infringement.  The first 2 are similar (though different in critical

respects) to current Section 1400(b): "(1) where the defendant has its principal place of business or is incorporated; (2) where the defendant has committed an act of infringement of a patent in suit and has a regular and established physical facility."  Amendment In The Nature Of A Substitute to H.R. 9, Offered by Mr. Goodlatte of Virginia, at 19 (attached hereto as Appendix A).  Congressman Goodlatte went on to add other possible categories, however, including critically: "(7) for foreign defendants that do not meet the requirements of paragraphs (1) or (2), according to section 1391(d) of this title."[2]  Congressman Goodlatte recognized that to achieve the interpretation of Section 1400(b) advanced here by Petitioner, the law would have to be amended by Congress.  He further recognized that without specifying a mechanism for venue over foreign defendants, there would be an absurd loophole in the venue statute.  The Petition effectively asks this Court to both 1) amend the statute without Congress, and 2) create an absurd loophole that Congress did not intend.

---

[2] H.R. 9, the bill to which this amendment was proposed, has not advanced through the House of Representatives at the time of this brief.

## PETITIONER'S *AMICI* FALSELY ACCUSE
## U.S. COURTS OF CORRUPTION

In two *amicus* briefs submitted in support of Petitioner, the named *amici*, including significant technology companies and entities like the Electronic Frontier Foundation, suggest that some U.S. Courts, and one court in particular, have somehow engaged in corrupt behavior. Indeed, *amici* the Electronic Frontier Foundation, *et al.* explicitly accuse the judges of the U.S. District Court for the Eastern District of Texas of "forum selling." EFF Brief at 3. As an initial matter, such assertions are highly inappropriate and inflammatory. They also make no sense since the venue at issue in the Petition is the District of Delaware. More importantly, the assertions of both groups of *amici* supporting the Petition rest on the false assertion that those *amici* favor greater efficiency.

The Adobe, *et al. amici* assert that the current venue statute, properly interpreted (and not rewritten as the Petition asks) "encourages a sue-first regime that promotes litigation over negotiation." Adobe, *et al.* Brief at 10. *Amici* supporting Petitioner further suggest that a system that encouraged negotiation would be greatly preferable. None of the *amici* supporting petitioner actually

reveal how they respond when contacted about licensing a patent without litigation.  In practice, *amici* represented herein submit that these entities routinely refuse to engage with patent holders unless litigation is actually filed.  Moreover, they fail to note that as a general matter, courts that they decry in their briefs, particularly the U.S. District Court for the Eastern District of Texas, are very efficient in resolving cases expeditiously.  Many entities confronted with an allegation of infringement seek to avoid expeditious and efficient resolution of the dispute on the merits.  Indeed, in a recent article published by Portfolio Media, practitioners were advised on ways to knock out suits in East Texas.  *See* Coe, *4 Ways to Knock Out A Frivolous Patent Suit In East Texas*, Portfolio Media, Inc., Nov. 9, 2015.[3] One piece of advice offered by a practitioner was to seek transfer of cases to other districts.  The practitioner noted that "If cases get transferred to the home districts of defendants, they could be scattered throughout the country, putting an additional burden on the plaintiff's counsel."  *Id.*   This type of advice reveals that far from

---

[3] Available at http://www.law360.com/ip/articles/723519?nl_pk=4e82f1c3-27f3-4d47-bf94-04f5e8f2aec6&utm_source=newsletter&utm_medium=email&utm_campaign=ip

seeking efficient resolution of disputes, many entities seek to make the matter less efficient and more burdensome to patent holders. Advocacy for a more inefficient system is hardly something that this Court should countenance, though that is precisely what Petitioner and its *amici* seek.  Indeed, Petitioner's additional argument about the scope of personal jurisdiction is a calculated effort to increase the complexity and burden of patent litigation both on patent holders and on the Courts.  While *amici* here do not address the substantive merit of that argument, it appears not to be ripe for adjudication in connection with the Petition.  Petitioner does not appear to dispute that it is subject to the Delaware Court's personal jurisdiction, but only what scope of relief may later be appropriate.

## CONCLUSION

The Petition advocates an interpretation of statutory venue provisions that conflict with the express language enacted by Congress, that lead to absurd results, and that would create inefficiency and unnecessary burdens on patent holders and the Courts.  For all of these reasons, *amici* support denial of the Petition.

Dated:  November 16, 2015          Respectfully submitted,


/s/ Brian D. Ledahl
Brian D. Ledahl
Marc A. Fenster
Russ August & Kabat
12th Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2015, I caused copies of the foregoing Brief of *Amici Curiae* Guy Fielder, Jon D. Paul, Network-1 Technologies, Inc.; Neurografix; Paul Morinville, Scientific Telecommunications, LLC, and US Inventor, Inc. In Support of Respondent to be served by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices, which will serve via e-mail notice of such filing to any of the following counsel registered as CM/ECF users:

James W. Dabney
Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
212-837-6000
james.dabney@hugheshubbard.com
Counsel for Petitioner

John David Luken Hughes
Dinsmore & Shohl LLP
1900 First Financial Center
255 East 5th Street
Cincinnati, OH 45202
513-977-8323
john.luken@dinslaw.com
Counsel for Respondent

November 16, 2015

/s/ Brian D. Ledahl
Brian D. Ledahl

APPENDIX A

**AMENDMENT IN THE NATURE OF A SUBSTITUTE**

**TO H.R. 9**

**OFFERED BY MR. GOODLATTE OF VIRGINIA**

Strike all after the enacting clause and insert the following:

1  **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

2      (a) SHORT TITLE.—This Act may be cited as the

3  ''Innovation Act''.

4      (b) TABLE OF CONTENTS.—The table of contents for

5  this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Definitions.
Sec. 3. Patent infringement actions.
Sec. 4. Transparency of patent ownership.
Sec. 5. Customer-suit exception.
Sec. 6. Procedures and practices to implement recommendations of the Judicial Conference.
Sec. 7. Small business education, outreach, and information access.
Sec. 8. Studies on patent transactions, quality, and examination.
Sec. 9. Improvements and technical corrections to the Leahy-Smith America Invents Act.
Sec. 10. Effective date.

6  **SEC. 2. DEFINITIONS.**

7      In this Act:

8      (1) DIRECTOR.—The term ''Director'' means

9      the Under Secretary of Commerce for Intellectual

10     Property and Director of the United States Patent

11     and Trademark Office.

2

1        (2) OFFICE.—The term "Office" means the

2    United States Patent and Trademark Office.

3    SEC. 3. PATENT INFRINGEMENT ACTIONS.

4        (a) PLEADING REQUIREMENTS.—

5        (1) AMENDMENT.—Chapter 29 of title 35,

6    United States Code, is amended by inserting after

7    section 281 the following:

8    **"§ 281A. Pleading requirements for patent infringe-**

9            **ment actions**

10        "(a) PLEADING REQUIREMENTS.—Except as pro-

11    vided in subsection (b), in a civil action in which a party

12    asserts a claim for relief arising under any Act of Con-

13    gress relating to patents, a party alleging infringement

14    shall include in the initial complaint, counterclaim, or

15    cross-claim for patent infringement, unless the informa-

16    tion is not reasonably accessible to such party, the fol-

17    lowing:

18        "(1) An identification of each patent allegedly

19        infringed.

20        "(2) An identification of all claims necessary to

21        produce the identification (under paragraph (3)) of

22        each process, machine, manufacture, or composition

23        of matter (referred to in this section as an 'accused

24        instrumentality') that is alleged to infringe any

3

1  claim of each patent that is identified under para-

2  graph (1).

3    ''(3) For each claim identified under paragraph

4  (2), an identification of each accused instrumentality

5  alleged to infringe the claim.

6    ''(4) For each accused instrumentality identi-

7  fied under paragraph (3), an identification with par-

8  ticularity, if known, of—

9      ''(A) the name or model number (or a rep-

10     resentative model number) of each accused in-

11     strumentality; or

12     ''(B) if there is no name or model number,

13     a description of each accused instrumentality.

14   ''(5) For each accused instrumentality identi-

15  fied under paragraph (3), a clear and concise state-

16  ment of—

17     ''(A) where each element of each claim

18     identified under paragraph (2) is found within

19     the accused instrumentality; and

20     ''(B) with detailed specificity, how each

21     limitation of each claim identified under para-

22     graph (2) is met by the accused instrumen-

23     tality.

24   ''(6) For each claim of indirect infringement, a

25  description of the acts of the alleged indirect in-

4

1    fringer that contribute to or are inducing the direct

2    infringement.

3        ''(7) A description of the authority of the party

4    alleging infringement to assert each patent identified

5    under paragraph (1) and of the grounds for the

6    court's jurisdiction.

7        ''(b) INFORMATION NOT READILY ACCESSIBLE.—If

8    information required to be disclosed under subsection (a)

9    is not readily accessible to a party after an inquiry reason-

10    able under the circumstances, as required by Rule 11 of

11    the Federal Rules of Civil Procedure, that information

12    may instead be generally described, along with an expla-

13    nation of why such undisclosed information was not read-

14    ily accessible, and of any efforts made by such party to

15    access such information.

16        ''(c) AMENDMENT OF PLEADINGS.—Nothing in this

17    section shall be construed to affect a party's ability to

18    amend pleadings as specified in the Federal Rules of Civil

19    Procedure. Amendments permitted by the court are sub-

20    ject to the pleading requirements set forth in this section.

21        ''(d) CONFIDENTIAL INFORMATION.—A party re-

22    quired to disclose information described under subsection

23    (a) may file, under seal, information believed to be con-

24    fidential, with a motion setting forth good cause for such

5

1  sealing. If such motion is denied by the court, the party

2  may seek to file an amended complaint.

3      ''(e) EXEMPTION.—A civil action that includes a

4  claim for relief arising under section 271(e)(2) shall not

5  be subject to the requirements of subsection (a).''.

6      (2) CONFORMING AMENDMENT.—The table of

7      sections for chapter 29 of title 35, United States

8      Code, is amended by inserting after the item relating

9      to section 281 the following new item:

''281A. Pleading requirements for patent infringement actions.''.

10      (b) FEES AND OTHER EXPENSES.—

11      (1) AMENDMENT.—Section 285 of title 35,

12      United States Code, is amended to read as follows:

13  **''§ 285. Fees and other expenses**

14      ''(a) AWARD.—The court shall award, to a prevailing

15  party, reasonable fees and other expenses incurred by that

16  party in connection with a civil action in which any party

17  asserts a claim for relief arising under any Act of Con-

18  gress relating to patents, unless the court finds that the

19  position and conduct of the nonprevailing party or parties

20  were reasonably justified in law and fact or that special

21  circumstances (such as severe economic hardship to a

22  named inventor) make an award unjust.

23      ''(b) CERTIFICATION AND RECOVERY.—Upon motion

24  of any party to the action, the court shall require another

25  party to the action to certify whether or not the other

6

1 party will be able to pay an award of fees and other ex-

2 penses if such an award is made under subsection (a). If

3 a nonprevailing party is unable to pay an award that is

4 made against it under subsection (a), the court may make

5 a party that has been joined under section 299(d) with

6 respect to such party liable for the unsatisfied portion of

7 the award.

8 ''(c) COVENANT NOT TO SUE.—A party to a civil ac-

9 tion who asserts a claim for relief arising under any Act

10 of Congress relating to patents against another party, and

11 who subsequently unilaterally (i) seeks dismissal of the ac-

12 tion without consent of the other party and (ii) extends

13 to such other party a covenant not to sue for infringement

14 with respect to the patent or patents at issue, may be the

15 subject of a motion for attorneys fees under subsection

16 (a) as if it were a non-prevailing party, unless the party

17 asserting such claim would have been entitled, at the time

18 that such covenant was extended, to dismiss voluntarily

19 the action without a court order under Rule 41 of the Fed-

20 eral Rules of Civil Procedure, or the interests of justice

21 require otherwise.''.

22     (2) CONFORMING AMENDMENT AND AMEND-

23     MENT.—

24         (A) CONFORMING AMENDMENT.—The item

25         relating to section 285 of the table of sections

7

1           for chapter 29 of title 35, United States Code,

2           is amended to read as follows:

"285. Fees and other expenses.".

3           (B) AMENDMENT.—Section 273 of title

4         35, United States Code, is amended by striking

5         subsection (f).

6           (C) AMENDMENT.—

7              (i) IN GENERAL.—Section 273 of title

8           35, United States Code, as amended by

9           subparagraph (B), is further amended by

10           striking subsection (g).

11              (ii) EFFECTIVE DATE.—The amend-

12           ment made by this subparagraph shall be

13           effective as if included in the amendment

14           made by section 3(b)(1) of the Leahy-

15           Smith America Invents Act (Public Law

16           112–29).

17         (3) EFFECTIVE DATE.—Except as otherwise

18       provided in this subsection, the amendments made

19       by this subsection shall take effect on the date of the

20       enactment of this Act and shall apply to any action

21       for which a complaint is filed on or after the first

22       day of the 6-month period ending on that effective

23       date.

8

1    (c) JOINDER OF INTERESTED PARTIES.—Section

2  299 of title 35, United States Code, is amended by adding

3  at the end the following new subsection:

4    "(d) JOINDER OF INTERESTED PARTIES.—

5        "(1) JOINDER.—Except as otherwise provided

6    under this subsection, in a civil action arising under

7    any Act of Congress relating to patents in which

8    fees and other expenses have been awarded under

9    section 285 to a prevailing party defending against

10   an allegation of infringement of a patent claim, and

11   in which the nonprevailing party alleging infringe-

12   ment is unable to pay the award of fees and other

13   expenses, the court shall grant a motion by the pre-

14   vailing party to join an interested party if such pre-

15   vailing party shows that the nonprevailing party has

16   no substantial interest in the subject matter at issue

17   other than asserting such patent claim in litigation.

18       "(2) LIMITATION ON JOINDER.—

19           "(A) DISCRETIONARY DENIAL OF MO-

20       TION.—The court may deny a motion to join an

21       interested party under paragraph (1) if—

22               "(i) the interested party is not subject

23           to service of process; or

9

1          "(ii) joinder under paragraph (1)
2     would deprive the court of subject matter
3     jurisdiction or make venue improper.
4          "(B) REQUIRED DENIAL OF MOTION.—The
5     court shall deny a motion to join an interested
6     party under paragraph (1) if—
7               "(i) the interested party did not time-
8          ly receive the notice required by paragraph
9          (3); or
10               "(ii) within 30 days after receiving
11          the notice required by paragraph (3), the
12          interested party renounces, in writing and
13          with notice to the court and the parties to
14          the action, any ownership, right, or direct
15          financial interest (as described in para-
16          graph (4)) that the interested party has in
17          the patent or patents at issue.
18          "(3) NOTICE REQUIREMENT.—An interested
19     party may not be joined under paragraph (1) unless
20     it has been provided actual notice, within 30 days
21     after the expiration of the time period during which
22     a certification under paragraph (4)(B) is required to
23     be filed, that the interested party has been identified
24     in the initial disclosure under section 290(b) and
25     that such party may therefore be an interested party

10

1    subject to joinder under this subsection. Such notice

2    shall be provided by the party who subsequently

3    moves to join the interested party under paragraph

4    (1), and shall include language that—

5        ''(A) identifies the action, the parties

6        thereto, the patent or patents at issue, and the

7        pleading or other paper that identified the

8        party under section 290(b); and

9        ''(B) informs the party that it may be

10        joined in the action and made subject to paying

11        an award of fees and other expenses under sec-

12        tion 285(b) if—

13            ''(i) fees and other expenses are

14            awarded in the action against the party al-

15            leging infringement of the patent or pat-

16            ents at issue under section 285(a);

17            ''(ii) the party alleging infringement is

18            unable to pay the award of fees and other

19            expenses;

20            ''(iii) the party receiving notice under

21            this paragraph is determined by the court

22            to be an interested party; and

23            ''(iv) the party receiving notice under

24            this paragraph has not, within 30 days

25            after receiving such notice, renounced in

11

1 writing, and with notice to the court and
2 the parties to the action, any ownership,
3 right, or direct financial interest (as de-
4 scribed in paragraph (4)) that the inter-
5 ested party has in the patent or patents at
6 issue.

7 ''(4) ADDITIONAL REQUIREMENTS FOR JOIN-
8 DER.—

9 ''(A) INITIAL STATEMENT.—This sub-
10 section shall not apply to an action unless a
11 party defending against an allegation of in-
12 fringement of a patent claim files, not later
13 than 14 days before the date on which a sched-
14 uling conference is held or the date on which a
15 scheduling order is due under Rule 16(b) of the
16 Federal Rules of Civil Procedure, a statement
17 that such party holds a good faith belief, based
18 on publicly available information and any other
19 information known to such party, that the party
20 alleging infringement has no substantial inter-
21 est in the subject matter at issue other than as-
22 serting the patent in litigation.

23 ''(B) CERTIFICATION.—This subsection
24 shall not apply to an action if the party alleging
25 infringement files, not later than 45 days after

12

1     the date on which such party is served with the

2     initial statement described under subparagraph

3     (A), a certification that—

4              "(i) establishes and certifies to the

5          court, under oath, that such party will

6          have sufficient funds available to satisfy

7          any award of reasonable attorney's fees

8          and expenses under section 285 if an

9          award is assessed;

10              "(ii) demonstrates that such party has

11          a substantial interest in the subject matter

12          at issue other than asserting the patent in

13          litigation; or

14              "(iii) is made under oath that there

15          are no other interested parties.

16     "(5) EXCEPTION FOR UNIVERSITY TECH-

17     NOLOGY TRANSFER ORGANIZATIONS.—This sub-

18     section shall not apply to a technology transfer orga-

19     nization whose primary purpose is to facilitate the

20     commercialization of technologies developed by one

21     or more institutions of higher education (as defined

22     in section 101(a) of the Higher Education Act of

23     1965 (20 U.S.C. 1001(a))) if such technology trans-

24     fer organization is alleging infringement on behalf of

13

1    an entity that would not be subject to this sub-
2    section.

3        "(6) INTERESTED PARTY DEFINED.—In this
4    subsection, the term 'interested party' means a per-
5    son, other than the party alleging infringement,
6    that—

7            "(A) is an assignee of the patent or pat-
8        ents at issue;

9            "(B) has a right, including a contingent
10       right, to enforce or sublicense the patent or pat-
11       ents at issue; or

12           "(C) has a direct financial interest in the
13       patent or patents at issue, including the right
14       to any part of an award of damages or any part
15       of licensing revenue, except that a person with
16       a direct financial interest does not include—

17               "(i) an employee of the party alleging
18           infringement—

19                   "(I) whose principal source of in-
20               come or employment is employment
21               with the party alleging infringement;
22               or

23                   "(II) whose sole financial interest
24               in the patent or patents at issue is a

1              salary or hourly wage paid by the

2              party alleging infringement;

3                  ''(ii) an attorney or law firm providing

4              legal representation in the civil action de-

5              scribed in paragraph (1) if the sole basis

6              for the financial interest of the attorney or

7              law firm in the patent or patents at issue

8              arises from the attorney or law firm's re-

9              ceipt of compensation reasonably related to

10             the provision of the legal representation; or

11                 ''(iii) a person whose sole financial in-

12             terest in the patent or patents at issue is

13             ownership of an equity or security interest

14             in the party alleging infringement, unless

15             such person also has the right or ability to

16             direct or control (membership on the board

17             of directors alone is not sufficient to dem-

18             onstrate such right or ability) the civil ac-

19             tion.

20         ''(7) SUBSTANTIAL INTEREST.—In this sub-

21     section, the term 'substantial interest' includes an

22     interest in the subject matter of a patent at issue if

23     the party—

24             ''(A) invented the subject matter; or

15

1        "(B) commercially practices or implements,

2            made substantial preparations directed particu-

3            larly to commercially practicing or imple-

4            menting, or is engaged in research and develop-

5            ment in, technology in the field of the subject

6            matter.".

7    (d) DISCOVERY STAY.—

8        (1) AMENDMENT.—Chapter 29 of title 35,

9    United States Code, as amended by subsection (a),

10    is further amended by inserting after section 281A

11    (as added by such subsection) the following new sec-

12    tion:

13    **"§ 281B. Stay of discovery pending a preliminary mo-**

14            **tion**

15        "(a) IN GENERAL.—Except as provided in subsection

16    (d), in an action for patent infringement under section

17    281 or an action for a declaratory judgment that a patent

18    is invalid or not infringed, discovery shall be stayed if—

19        "(1) the defendant moves to—

20            "(A) sever a claim or drop a party for

21            misjoinder under Rule 21 of the Federal Rules

22            of Civil Procedure;

23            "(B) transfer the action under section

24            1404(a) of title 28; or

16

1          ''(C) transfer or dismiss the action under

2          section 1406(a) of title 28; and

3      ''(2) such motion is filed before a responsive

4      pleading is due and includes a declaration or other

5      evidence in support of the motion.

6      ''(b) EXPIRATION OF STAY.—A stay entered under

7  subsection (a) shall expire when the motion that is the

8  basis for the stay is decided by the court.

9      ''(c) PRIORITY OF DECISION.—In an action described

10  in subsection (a), the court shall decide a motion to sever

11  a claim or drop a party for misjoinder under Rule 21 of

12  the Federal Rules of Civil Procedure, to transfer under

13  section 1404(a) of title 28, or to transfer or dismiss under

14  1406(a) of title 28 before the earlier of the date on which

15  the court—

16          ''(1) decides any other substantive motion, pro-

17      vided however that the court may decide a question

18      of its own jurisdiction at any time ; or

19          ''(2) issues a scheduling order under Rule 16(b)

20      of the Federal Rules of Civil Procedure.

21      ''(d) EXCEPTION.—

22          ''(1) DISCOVERY NECESSARY TO DECIDE MO-

23      TION.—Notwithstanding subsection (a), the court

24      may allow such discovery as the court determines to

17

1    be necessary to decide a motion to sever, drop a

2    party, dismiss, or transfer.

3        ''(2) COMPETITIVE HARM.—Subsections (a) and

4    (c) shall not apply to an action in which the patentee

5    requests a preliminary injunction to prevent harm

6    arising from the manufacture, use, sale, offer for

7    sale, or importation of an allegedly infringing prod-

8    uct or process that competes with a product or proc-

9    ess made, sold, or offered for sale by the patentee.

10        ''(3) CONSENT OF THE PARTIES.—The patentee

11    and an opposing party shall be excluded, in whole or

12    in part, from the limitations of subsections (a) and

13    (c) upon such parties' filing with the court a signed

14    stipulation agreeing to such exclusion.

15        ''(4) FDA AND BIOLOGICAL PRODUCT APPLICA-

16    TION.—Subsections (a) and (c) shall not apply to an

17    action that includes a cause of action described

18    under section 271(e)(2).''.

19        (2) CONFORMING AMENDMENT.—The table of

20    sections for chapter 29 of title 35, United States

21    Code, is amended by inserting after the item relating

22    to section 281A, as added by subsection (a), the fol-

23    lowing new item:

''281B. Stay of discovery pending a preliminary motion.''.

24    (e) SENSE OF CONGRESS.—It is the sense of Con-

25    gress that it is an abuse of the patent system and against

18

1 public policy for a party to send out purposely evasive de-

2 mand letters to end users alleging patent infringement.

3 Demand letters sent should, at the least, include basic in-

4 formation about the patent in question, what is being in-

5 fringed, and how it is being infringed. Any actions or liti-

6 gation that stem from these types of purposely evasive de-

7 mand letters to end users should be considered a fraudu-

8 lent or deceptive practice and an exceptional circumstance

9 when considering whether the litigation is abusive.

10    (f) DEMAND LETTERS.—Section 284 of title 35,

11 United States Code, is amended—

12        (1) in the first undesignated paragraph, by

13        striking ''Upon finding'' and inserting ''(a) IN GEN-

14        ERAL.—Upon finding'';

15        (2) in the second undesignated paragraph, by

16        striking ''When the damages'' and inserting ''(b) AS-

17        SESSMENT BY COURT; TREBLE DAMAGES.—When

18        the damages'';

19        (3) by inserting after subsection (b), as des-

20        ignated by paragraph (2) of this subsection, the fol-

21        lowing:

22    ''(c) WILLFUL INFRINGEMENT.—A claimant seeking

23 to establish willful infringement may not rely on evidence

24 of pre-suit notification of infringement unless that notifi-

25 cation identifies with particularity the asserted patent,

19

1 identifies the product or process accused, identifies the ul-

2 timate parent entity of the claimant, and explains with

3 particularity, to the extent possible following a reasonable

4 investigation or inquiry, how the product or process in-

5 fringes one or more claims of the patent.''; and

6    (4) in the last undesignated paragraph, by

7    striking ''The court'' and inserting ''(d) EXPERT

8    TESTIMONY.—The court''.

9 (g) VENUE.—

10    (1) AMENDMENT.—Subsection (b) of section

11    1400 of title 28, United States Code, is amended to

12    read as follows:

13 ''(b) VENUE FOR ACTION RELATING TO PATENTS.—

14 Notwithstanding subsections (b) and (c) of section 1391

15 of this title, any civil action for patent infringement or

16 any action for a declaratory judgment that a patent is in-

17 valid or not infringed may be brought only in a judicial

18 district—

19      ''(1) where the defendant has its principal place

20      of business or is incorporated;

21      ''(2) where the defendant has committed an act

22      of infringement of a patent in suit and has a regular

23      and established physical facility;

24      ''(3) where the defendant has agreed or con-

25      sented to be sued;

20

1        ''(4) where the invention claimed in a patent in

2    suit was conceived or actually reduced to practice;

3        ''(5) where significant research and develop-

4    ment of an invention claimed in a patent in suit oc-

5    curred at a regular and established physical facility;

6        ''(6) where a party has a regular and estab-

7    lished physical facility that such party controls and

8    operates and has—

9            ''(A) engaged in management of significant

10        research and development of an invention

11        claimed in a patent in suit;

12            ''(B) manufactured a product that em-

13        bodies an invention claimed in a patent in suit;

14        or

15            ''(C) implemented a manufacturing process

16        that embodies an invention claimed in a patent

17        in suit; or

18        ''(7) for foreign defendants that do not meet

19    the requirements of paragraphs (1) or (2), according

20    to section 1391(d) of this title.''.

21        (2) MANDAMUS RELIEF.—For the purpose of

22    determining whether relief may issue under section

23    1651 of title 28, United States Code, a clearly and

24    indisputably erroneous denial of a motion under sec-

25    tion 1406(a) of such title to dismiss or transfer a

21

1    case on the basis of section 1400(b) of such title

2    shall be deemed to cause irremediable interim harm.

3        (3) RETAILERS NOT ELIGIBLE FOR CUSTOMER

4    STAY.—If a defendant does not meet the definition

5    of a retailer under section 296(a)(6) of title 35,

6    United States Code, as added by section 5, solely be-

7    cause the defendant manufacturers or causes the

8    manufacture of the covered product or process in

9    suit, the retail facilities of such defendant shall not

10    constitute a regular and established physical facility

11    for purposes of section 1400(b)(2) of title 28,

12    United Code, as added by paragraph (1).

13        (4) TELEWORKERS.—The dwelling or residence

14    of an employee or contractor of a defendant who

15    works at such dwelling or residence shall not con-

16    stitute a regular and established physical facility of

17    the defendant for purposes of section 1400(b)(2) of

18    title 28, United Code, as added by paragraph (1).

19    (h) EFFECTIVE DATE.—Except as otherwise pro-

20    vided in this section, the amendments made by this section

21    shall take effect on the date of the enactment of this Act

22    and shall apply to any action for which a complaint is filed

23    on or after that date.

1 **SEC. 4. TRANSPARENCY OF PATENT OWNERSHIP.**

2    (a) AMENDMENTS.—Section 290 of title 35, United

3 States Code, is amended—

4        (1) in the heading, by striking "**suits**" and in-

5    serting "**suits; disclosure of interests**";

6        (2) by striking "The clerks" and inserting "(a)

7    NOTICE OF PATENT SUITS.—The clerks"; and

8        (3) by adding at the end the following new sub-

9    sections:

10    "(b) INITIAL DISCLOSURE.—

11        "(1) IN GENERAL.—Except as provided in para-

12    graph (2), upon the filing of an initial complaint for

13    patent infringement, the plaintiff shall disclose to

14    the Patent and Trademark Office, the court, and

15    each adverse party the identity of each of the fol-

16    lowing:

17        "(A) The assignee of the patent or patents

18    at issue.

19        "(B) Any entity with a right to sublicense

20    or enforce the patent or patents at issue.

21        "(C) Any entity, other than the plaintiff,

22    that the plaintiff knows to have a financial in-

23    terest in the patent or patents at issue or the

24    plaintiff.

25        "(D) The ultimate parent entity of any as-

26    signee identified under subparagraph (A) and

1    any entity identified under subparagraph (B) or

2    (C).

3         ''(E) A clear and concise description of the

4    principal business, if any, of the party alleging

5    infringement.

6         ''(F) A list of each complaint filed, of

7    which the party alleging infringement has

8    knowledge, that asserts or asserted any of the

9    patents identified under subparagraph (A).

10         ''(G) For each patent identified under sub-

11    paragraph (A), whether a standard-setting body

12    has specifically declared such patent to be es-

13    sential, potentially essential, or having potential

14    to become essential to that standard-setting

15    body, and whether the United States Govern-

16    ment or a foreign government has imposed spe-

17    cific licensing requirements with respect to such

18    patent.

19         ''(2) EXEMPTION.—The requirements of para-

20    graph (1) shall not apply with respect to a civil ac-

21    tion filed under subsection (a) that includes a cause

22    of action described under section 271(e)(2).

23    ''(c) DISCLOSURE COMPLIANCE.—

24         ''(1) PUBLICLY TRADED.—For purposes of sub-

25    section (b)(1)(C), if the financial interest is held by

24

1   a corporation traded on a public stock exchange, an

2   identification of the name of the corporation and the

3   public exchange listing shall satisfy the disclosure re-

4   quirement.

5       ''(2) NOT PUBLICLY TRADED.—For purposes of

6   subsection (b)(1)(C), if the financial interest is not

7   held by a publicly traded corporation, the disclosure

8   shall satisfy the disclosure requirement if the infor-

9   mation identifies—

10          ''(A) in the case of a partnership, the

11      name of the partnership and the name and cor-

12      respondence address of each partner or other

13      entity that holds more than a 5-percent share

14      of that partnership;

15          ''(B) in the case of a corporation, the

16      name of the corporation, the location of incor-

17      poration, the address of the principal place of

18      business, and the name of each officer of the

19      corporation; and

20          ''(C) for each individual, the name and

21      correspondence address of that individual.

22   ''(d) ONGOING DUTY OF DISCLOSURE TO THE PAT-

23   ENT AND TRADEMARK OFFICE.—

24       ''(1) IN GENERAL.—A plaintiff required to sub-

25   mit information under subsection (b) or a subse-

1  quent owner of the patent or patents at issue shall,

2  not later than 90 days after any change in the as-

3  signee of the patent or patents at issue or an entity

4  described under subparagraph (B) or (D) of sub-

5  section (b)(1), submit to the Patent and Trademark

6  Office the updated identification of such assignee or

7  entity.

8  "(2) FAILURE TO COMPLY.—With respect to a

9  patent for which the requirement of paragraph (1)

10  has not been met—

11        "(A) the plaintiff or subsequent owner

12     shall not be entitled to recover reasonable fees

13     and other expenses under section 285 or in-

14     creased damages under section 284 with respect

15     to infringing activities taking place during any

16     period of noncompliance with paragraph (1),

17     unless the denial of such damages or fees would

18     be manifestly unjust; and

19        "(B) the court shall award to a prevailing

20     party accused of infringement reasonable fees

21     and other expenses under section 285 that are

22     incurred to discover the updated assignee or en-

23     tity described under paragraph (1), unless such

24     sanctions would be unjust.

25  "(e) DEFINITIONS.—In this section:

1        ''(1) FINANCIAL INTEREST.—The term 'finan-

2    cial interest'—

3            ''(A) means—

4                ''(i) with regard to a patent or pat-

5            ents, the right of a person to receive pro-

6            ceeds related to the assertion of the patent

7            or patents, including a fixed or variable

8            portion of such proceeds; and

9                ''(ii) with regard to the plaintiff, di-

10           rect or indirect ownership or control by a

11           person of more than 5 percent of such

12           plaintiff; and

13           ''(B) does not mean—

14               ''(i) ownership of shares or other in-

15           terests in a mutual or common investment

16           fund, unless the owner of such interest

17           participates in the management of such

18           fund; or

19               ''(ii) the proprietary interest of a pol-

20           icyholder in a mutual insurance company

21           or of a depositor in a mutual savings asso-

22           ciation, or a similar proprietary interest,

23           unless the outcome of the proceeding could

24           substantially affect the value of such inter-

25           est.

27

1        ''(2)   PROCEEDING.—The   term   'proceeding'

2    means all stages of a civil action, including pretrial

3    and trial proceedings and appellate review.

4        ''(3) ULTIMATE PARENT ENTITY.—

5            ''(A) IN GENERAL.—Except as provided in

6        subparagraph  (B),  the  term  'ultimate  parent

7        entity' has the meaning given such term in sec-

8        tion  801.1(a)(3)  of  title  16,  Code  of  Federal

9        Regulations, or any successor regulation.

10           ''(B) MODIFICATION OF DEFINITION.—The

11       Director may modify the definition of 'ultimate

12       parent entity' by regulation.''.

13   (b) TECHNICAL AND CONFORMING AMENDMENT.—

14   The item relating to section 290 in the table of sections

15   for chapter 29 of title 35, United States Code, is amended

16   to read as follows:

   ''290. Notice of patent suits; disclosure of interests.''.

17   (c) REGULATIONS.—The Director may promulgate

18   such regulations as are necessary to establish a registra-

19   tion fee in an amount sufficient to recover the estimated

20   costs of administering subsections (b) through (e) of sec-

21   tion 290 of title 35, United States Code, as added by sub-

22   section (a), to facilitate the collection and maintenance of

23   the information required by such subsections, and to en-

24   sure the timely disclosure of such information to the pub-

25   lic.

28

1    (d) EFFECTIVE DATE.—The amendments made by
2 this section shall take effect upon the expiration of the
3 6-month period beginning on the date of the enactment
4 of this Act and shall apply to any action for which a com-
5 plaint is filed on or after such effective date.

6 **SEC. 5. CUSTOMER-SUIT EXCEPTION.**

7    (a) AMENDMENT.—Section 296 of title 35, United
8 States Code, is amended to read as follows:

9 **"§ 296. Stay of action against customer**

10    "(a) DEFINITIONS.—In this section:

11        "(1) COVERED CUSTOMER.—The term 'covered
12    customer' means a retailer or end user that is ac-
13    cused of infringing a patent or patents in dispute
14    based on—

15            "(A) the sale, or offer for sale, of a covered
16        product or covered process without material
17        modification of the product or process in a
18        manner that is alleged to infringe a patent or
19        patents in dispute; or

20            "(B) the use by such retailer, the retailer's
21        end user customer, or an end user of a covered
22        product or covered process without material
23        modification of the product or process in a
24        manner that is alleged to infringe a patent or
25        patents in dispute.

29

1    ''(2) COVERED MANUFACTURER.—The term
2  'covered manufacturer' means a person that manu-
3  factures or supplies, or causes the manufacture or
4  supply of, a covered product or covered process, or
5  a relevant part thereof.

6    ''(3) COVERED PROCESS.—The term 'covered
7  process' means a process, method, or a relevant part
8  thereof, that is alleged to infringe a patent or pat-
9  ents in dispute where such process, method, or rel-
10  evant part thereof is implemented by an apparatus,
11  material, system, software, or other instrumentality
12  that is provided by the covered manufacturer.

13    ''(4) COVERED PRODUCT.—The term 'covered
14  product' means a product, system, service, compo-
15  nent, material, or apparatus, or relevant part there-
16  of, that—

17        ''(A) is alleged to infringe a patent or pat-
18      ents in dispute; or

19        ''(B) implements a process alleged to in-
20      fringe the patent or patents in dispute.

21    ''(5) END USER.—The term 'end user' includes
22  an affiliate of an end user, but does not include an
23  entity that manufacturers or causes the manufacture
24  of a covered product or covered process, or a rel-
25  evant part thereof.

1 ''(6) RETAILER.—The term 'retailer' means an

2 entity that generates revenues predominately

3 through the sale to the public of consumer goods or

4 services, or an affiliate of such entity, but does not

5 include an entity that manufacturers or causes the

6 manufacturer of a covered product or covered proc-

7 ess, or a relevant part thereof.

8 ''(b) STAY OF ACTION AGAINST CUSTOMER.—Except

9 as provided in subsection (d), in any civil action in which

10 a party asserts a claim for relief arising under any Act

11 of Congress relating to patents, the court shall grant a

12 motion to stay at least the portion of the action against

13 a covered customer related to infringement of a patent in-

14 volving a covered product or covered process if the fol-

15 lowing requirements are met:

16 ''(1) PARTY TO THE ACTION.—The covered

17 manufacturer is a party to the action or to a sepa-

18 rate action (in which a party asserts a claim for re-

19 lief arising under any Act of Congress relating to

20 patents) involving the same patent or patents related

21 to the same covered product or covered process.

22 ''(2) AGREEMENT TO BE BOUND BY ISSUES DE-

23 TERMINED.—The covered customer agrees to be

24 bound as to issues determined in an action described

25 in paragraph (1) without a full and fair opportunity

1    to separately litigate any such issue, but only as to

2    those issues for which all other elements of the com-

3    mon law doctrine of issue preclusion are met.

4        ''(3) DEADLINE TO FILE MOTION.—The motion

5    is filed after the first pleading in the action but not

6    later than the later of—

7            ''(A) the 120th day after the date on which

8        the first pleading or paper in the action is

9        served that specifically identifies the covered

10        product or covered process as a basis for the

11        covered customer's alleged infringement of the

12        patent and that specifically identifies how the

13        covered product or covered process is alleged to

14        infringe the patent; or

15            ''(B) the date on which the first scheduling

16        order in the case is entered.

17        ''(4) MANUFACTURER CONSENT IN CERTAIN

18    CASES.—In a case in which the covered manufac-

19    turer has been made a party to the action on motion

20    by the covered customer, the covered manufacturer

21    and the covered customer consent in writing to the

22    stay. In any other case in which the covered manu-

23    facturer did not consent in writing to the stay, the

24    court may not grant the motion to stay if the stay

25    would be inconsistent with an indemnity or other

32

1     agreement between the covered customer and the

2     covered manufacturer, or if the covered manufac-

3     turer shows that the covered customer is in a better

4     position to understand and defend against the claims

5     of infringement.

6     ''(c) LIFT OF STAY.—

7        ''(1) IN GENERAL.—A stay entered under this

8     section may be lifted upon grant of a motion based

9     on a showing that—

10           ''(A) the action involving the covered man-

11       ufacturer will not resolve a major issue in the

12       suit against the covered customer (such as a

13       covered product or covered process identified in

14       the motion to lift the stay is not a material part

15       of the claimed invention or inventions in the

16       patent or patents in dispute); or

17           ''(B) the stay unreasonably prejudices or

18       would be manifestly unjust to the party seeking

19       to lift the stay.

20     ''(2) SEPARATE MANUFACTURER ACTION IN-

21     VOLVED.—In the case of a stay entered under this

22     section based on the participation of the covered

23     manufacturer in a separate action described in sub-

24     section (b)(1), a motion under paragraph (1) may

25     only be granted if the court in such separate action

33

1    determines that the showing required under para-

2    graph (1) has been made.

3    ''(d) EXEMPTION.—This section shall not apply to an

4    action that includes a cause of action described under sec-

5    tion 271(e)(2).

6    ''(e) WAIVER OF ESTOPPEL EFFECT.—The court

7    may, upon motion, determine that a consent judgment or

8    a final non-appealable judgment shall not be binding on

9    the covered customer with respect to one or more of the

10    issues that gave rise to the stay based on a showing that

11    such judgment would unreasonably prejudice or be mani-

12    festly unjust to the covered customer in light of the cir-

13    cumstances of the case if, following the grant of a motion

14    to stay under this section, the covered manufacturer de-

15    scribed in subsection (b)(1)—

16        ''(1) obtains or consents to entry of a consent

17        judgment relating to such issue that gave rise to the

18        stay; or

19        ''(2) fails to prosecute to a final, non-appealable

20        judgment such issue that gave rise to the stay.

21    ''(f) RULE OF CONSTRUCTION.—Nothing in this sec-

22    tion shall be construed to limit the ability of a court to

23    grant any stay, expand any stay granted under this sec-

24    tion, or grant any motion to intervene, if otherwise per-

25    mitted by law.''.

34

1    (b) CONFORMING AMENDMENT.—The table of sec-

2 tions for chapter 29 of title 35, United States Code, is

3 amended by striking the item relating to section 296 and

4 inserting the following:

"296. Stay of action against customer.".

5    (c) EFFECTIVE DATE.—The amendments made by

6 this section shall take effect on the date of the enactment

7 of this Act and shall apply to any action for which a com-

8 plaint is filed on or after the first day of the 30-day period

9 that ends on that date.

10 **SEC. 6. PROCEDURES AND PRACTICES TO IMPLEMENT REC-**

11          **OMMENDATIONS OF THE JUDICIAL CON-**

12          **FERENCE.**

13    (a) PILOT PROGRAM FOR RULES AND PROCEDURES

14 ON DISCOVERY BURDENS AND COSTS AND CASE MAN-

15 AGEMENT.—

16       (1) DEFINITIONS.—In this subsection, the term

17    "electronic communication" means any form of elec-

18    tronic communication, including email, text message,

19    and instant message.

20       (2) DEVELOPMENT OF RULES AND PROCE-

21    DURES.—Not later than 3 months after the date of

22    the enactment of this Act, the Director of the Ad-

23    ministrative Office of the United States Courts shall

24    designate not fewer than 6 of the district courts of

25    the United States that are participating in the pat-

35

1    ent cases pilot program established under section 1
2    of Public Law 111–349 (28 U.S.C.137 note) to de-
3    velop rules and procedures to implement the pro-
4    posals described in paragraphs (3) through (5) to
5    address the asymmetries in discovery burdens and
6    costs, and to establish case management procedures,
7    in any civil action arising under any Act of Congress
8    relating to patents.

9        (3) TYPES OF DISCOVERY RULES AND PROCE-
10    DURES TO BE CONSIDERED.—The discovery rules
11    and procedures required under paragraph (2) shall
12    address each of the following:

13        (A) DISCOVERY OF CORE DOCUMENTARY
14        EVIDENCE.—Whether and to what extent each
15        party to the action is entitled to receive core
16        documentary evidence and should be responsible
17        for the costs of producing core documentary
18        evidence within the possession or control of
19        each such party, and whether and to what ex-
20        tent each party may seek non-core documentary
21        discovery as otherwise provided in the Federal
22        Rules of Civil Procedure.

23        (B) ELECTRONIC COMMUNICATION.—If the
24        parties request discovery of electronic commu-
25        nication, how such discovery should be phased

36

1          to occur relative to the exchange of initial dis-
2          closures and core documentary evidence, and
3          appropriate limitations to apply to such dis-
4          covery.

5              (C) SCOPE OF DOCUMENTARY EVI-
6          DENCE.—The kinds of evidence that should
7          constitute "core documentary evidence".

8          (4) SPECIFIC DISCOVERY RULES AND PROCE-
9      DURES TO BE CONSIDERED FOR ADDITIONAL DOCU-
10     MENT DISCOVERY.—The discovery rules and proce-
11     dures required under paragraph (2) shall address
12     whether the following provisions, or variations on the
13     following provisions, should apply:

14             (A) IN GENERAL.—Whether each party to
15         the action may seek any additional document
16         discovery otherwise permitted under the Federal
17         Rules of Civil Procedure beyond core documen-
18         tary evidence, if such party bears the reason-
19         able costs, including reasonable attorney's fees,
20         of the additional document discovery.

21             (B) REQUIREMENTS FOR ADDITIONAL
22         DOCUMENT DISCOVERY.—Whether, unless the
23         parties mutually agree otherwise, no party may
24         be permitted additional document discovery un-
25         less such a party posts a bond, or provides

37

1    other security, in an amount sufficient to cover

2    the expected costs of such additional document

3    discovery, or makes a showing to the court that

4    such party has the financial capacity to pay the

5    costs of such additional document discovery.

6    (C) GOOD CAUSE MODIFICATION.—Wheth-

7    er a court, upon motion and for good cause

8    shown, may modify the requirements of sub-

9    paragraphs (A) and (B) and any definition of

10    core documentary evidence.

11    (D) COMPUTER CODE.—Whether a court,

12    upon motion and for good cause shown, may

13    determine that computer code should be in-

14    cluded in the discovery of core documentary evi-

15    dence, and whether the discovery of computer

16    code shall occur after the parties have ex-

17    changed initial disclosures and other core docu-

18    mentary evidence.

19    (E) DISCOVERY SEQUENCE AND SCOPE.—

20    Whether the parties shall discuss and address

21    in the written report filed pursuant to rule

22    26(f) of the Federal Rules of Civil Procedure

23    the views and proposals of each party on the

24    following:

38

1          (i) When the discovery of core docu-
2      mentary evidence should be completed.

3          (ii) Whether additional document dis-
4      covery described in subparagraphs (A) and
5      (B) will be sought.

6          (iii) Any issues about infringement,
7      invalidity, or damages that, if resolved be-
8      fore the additional document discovery de-
9      scribed in subparagraphs (A) and (B) com-
10     mences, might simplify or streamline the
11     case.

12     (5) CASE MANAGEMENT RULES AND PROCE-
13 DURES TO BE CONSIDERED.—The rules and proce-
14 dures required under paragraph (2) shall also ad-
15 dress case management procedures for any civil ac-
16 tion arising under any Act of Congress relating to
17 patents, including initial disclosure and early case
18 management conference practices that—

19          (A) will identify any potential dispositive
20     issues of the case; and

21          (B) focus on early summary judgment mo-
22     tions when resolution of issues may lead to ex-
23     pedited disposition of the case.

24 (b) IMPLEMENTATION OF RULES AND PROCE-
25 DURES.—Within 18 months after the designation by the

1   Director of the Administrative Office of the 6 district
2   courts to develop the rules and procedures pursuant to
3   subsection (a), the 6 district courts shall complete the de-
4   velopment of the rules and procedures, and begin to imple-
5   ment them.

6      (c) EXPANSION OF PILOT PROGRAM FOR RULES AND
7   PROCEDURES ON DISCOVERY BURDENS AND COSTS AND
8   CASE MANAGEMENT.—After the rules and procedures de-
9   veloped by the pilot program pursuant to subsection (a)
10  have been in effect for at least 2 years, the Judicial Con-
11  ference of the United States, using existing resources, may
12  expand the application of some or all of those rules and
13  procedures to be implemented by all the district courts,
14  and the United States Court of Federal Claims, for any
15  civil action arising under any Act of Congress relating to
16  patents.

17     (d) REVISION OF FORM FOR PATENT INFRINGE-
18  MENT.—

19        (1) ELIMINATION OF FORM.—The Supreme
20     Court, using existing resources, shall eliminate Form
21     18 in the Appendix to the Federal Rules of Civil
22     Procedure (relating to Complaint for Patent In-
23     fringement), effective on the date of the enactment
24     of this Act.

40

1    (2) REVISED FORM.—The Supreme Court may

2    prescribe a new form or forms setting out model al-

3    legations of patent infringement that, at a minimum,

4    notify accused infringers of the asserted claim or

5    claims, the products or services accused of infringe-

6    ment, and the plaintiff's theory for how each ac-

7    cused product or service meets each limitation of

8    each asserted claim. The Judicial Conference should

9    exercise the authority under section 2073 of title 28,

10    United States Code, to make recommendations with

11    respect to such new form or forms.

12    (e) PROTECTION OF INTELLECTUAL-PROPERTY LI-

13    CENSES IN BANKRUPTCY.—

14    (1) IN GENERAL.—Section 1522 of title 11,

15    United States Code, is amended by adding at the

16    end the following:

17    ''(e) Section 365(n) shall apply to cases under this

18    chapter. If the foreign representative rejects or repudiates

19    a contract under which the debtor is a licensor of intellec-

20    tual property, the licensee under such contract shall be

21    entitled to make the election and exercise the rights de-

22    scribed in section 365(n).''.

23    (2) TRADEMARKS.—

24    (A) IN GENERAL.—Section 101(35A) of

25    title 11, United States Code, is amended—

41

1     (i) in subparagraph (E), by striking

2    "or";

3     (ii) in subparagraph (F), by striking

4    "title 17;" and inserting "title 17; or"; and

5     (iii) by adding after subparagraph (F)

6    the following new subparagraph:

7    "(G) a trademark, service mark, or trade

8    name, as those terms are defined in section 45

9    of the Act of July 5, 1946 (commonly referred

10    to as the 'Trademark Act of 1946') (15 U.S.C.

11    1127);".

12    (B) CONFORMING AMENDMENT.—Section

13    365(n)(2) of title 11, United States Code, is

14    amended—

15     (i) in subparagraph (B)—

16      (I) by striking "royalty pay-

17      ments" and inserting "royalty or

18      other payments"; and

19      (II) by striking "and" after the

20      semicolon;

21     (ii) in subparagraph (C), by striking

22    the period at the end of clause (ii) and in-

23    serting "; and"; and

24     (iii) by adding at the end the fol-

25    lowing new subparagraph:

42

1        ''(D) in the case of a trademark, service

2      mark, or trade name, the licensee shall not be

3      relieved of any of its obligations to maintain the

4      quality of the products and services offered

5      under or in connection with the licensed trade-

6      mark, service mark, or trade name, and the

7      trustee shall retain the right to oversee and en-

8      force quality control for such products or serv-

9      ices, or both.''.

10      (3) EFFECTIVE DATE.—The amendments made

11    by this subsection shall take effect on the date of the

12    enactment of this Act and shall apply to any case

13    that is pending on, or for which a petition or com-

14    plaint is filed on or after, such date of enactment.

**15 SEC. 7. SMALL BUSINESS EDUCATION, OUTREACH, AND IN-**

**16        FORMATION ACCESS.**

17      (a) SMALL BUSINESS EDUCATION AND OUT-

18    REACH.—

19      (1) RESOURCES FOR SMALL BUSINESS.—Using

20    existing resources, the Director shall develop edu-

21    cational resources for small businesses to address

22    concerns arising from patent infringement.

23      (2) SMALL BUSINESS PATENT OUTREACH.—The

24    existing small business patent outreach programs of

25    the Office, and the relevant offices at the Small

43

1   Business Administration and the Minority Business

2   Development Agency, shall provide education and

3   awareness on abusive patent litigation practices. The

4   Director may give special consideration to the

5   unique needs of small firms owned by disabled vet-

6   erans, service-disabled veterans, women, and minor-

7   ity entrepreneurs in planning and executing the out-

8   reach efforts by the Office.

9   (b) IMPROVING INFORMATION TRANSPARENCY FOR

10   SMALL BUSINESS AND THE UNITED STATES PATENT AND

11   TRADEMARK OFFICE USERS.—

12   (1) WEB SITE.—Using existing resources, the

13   Director shall create a user-friendly section on the

14   official Web site of the Office to notify the public

15   when a patent case is brought in Federal court and,

16   with respect to each patent at issue in such case, the

17   Director shall include—

18   (A) information disclosed under sub-

19   sections (b) and (d) of section 290 of title 35,

20   United States Code, as added by section 4(a) of

21   this Act; and

22   (B) any other information the Director de-

23   termines to be relevant.

24   (2) FORMAT.—In order to promote accessibility

25   for the public, the information described in para-

44

1    graph (1) shall be searchable by patent number, pat-

2    ent art area, and entity.

**SEC. 8. STUDIES ON PATENT TRANSACTIONS, QUALITY,**

**AND EXAMINATION.**

5    (a) STUDY ON SECONDARY MARKET OVERSIGHT FOR

6    PATENT TRANSACTIONS TO PROMOTE TRANSPARENCY

7    AND ETHICAL BUSINESS PRACTICES.—

8        (1) STUDY REQUIRED.—The Director, in con-

9    sultation with the Secretary of Commerce, the Sec-

10    retary of the Treasury, the Chairman of the Securi-

11    ties and Exchange Commission, the heads of other

12    relevant agencies, and interested parties, shall, using

13    existing resources of the Office, conduct a study—

14        (A) to develop legislative recommendations

15        to ensure greater transparency and account-

16        ability in patent transactions occurring on the

17        secondary market;

18        (B) to examine the economic impact that

19        the patent secondary market has on the United

20        States;

21        (C) to examine licensing and other over-

22        sight requirements that may be placed on the

23        patent secondary market, including on the par-

24        ticipants in such markets, to ensure that the

25        market is a level playing field and that brokers

45

1          in the market have the requisite expertise and

2          adhere to ethical business practices; and

3                  (D) to examine the requirements placed on

4          other markets.

5          (2) REPORT ON STUDY.—Not later than 18

6      months after the date of the enactment of this Act,

7      the Director shall submit a report to the Committee

8      on the Judiciary of the House of Representatives

9      and the Committee on the Judiciary of the Senate

10     on the findings and recommendations of the Director

11     from the study required under paragraph (1).

12         (b) STUDY ON PATENTS OWNED BY THE UNITED

13     STATES GOVERNMENT.—

14         (1) STUDY REQUIRED.—The Director, in con-

15     sultation with the heads of relevant agencies and in-

16     terested parties, shall, using existing resources of the

17     Office, conduct a study on patents owned by the

18     United States Government that—

19                 (A) examines how such patents are li-

20         censed and sold, and any litigation relating to

21         the licensing or sale of such patents;

22                 (B) provides legislative and administrative

23         recommendations on whether there should be

24         restrictions placed on patents acquired from the

25         United States Government;

46

1          (C) examines whether or not each relevant

2      agency maintains adequate records on the pat-

3      ents owned by such agency, specifically whether

4      such agency addresses licensing, assignment,

5      and Government grants for technology related

6      to such patents; and

7          (D) provides recommendations to ensure

8      that each relevant agency has an adequate

9      point of contact that is responsible for man-

10     aging the patent portfolio of the agency.

11     (2) REPORT ON STUDY.—Not later than 1 year

12 after the date of the enactment of this Act, the Di-

13 rector shall submit to the Committee on the Judici-

14 ary of the House of Representatives and the Com-

15 mittee on the Judiciary of the Senate a report on

16 the findings and recommendations of the Director

17 from the study required under paragraph (1).

18 (c) STUDY ON PATENT QUALITY AND ACCESS TO

19 THE BEST INFORMATION DURING EXAMINATION.—

20     (1) GAO STUDY.—The Comptroller General of

21 the United States shall, using existing resources,

22 conduct a study on patent examination at the Office

23 and the technologies available to improve examina-

24 tion and improve patent quality.

1     (2) CONTENTS OF THE STUDY.—The study re-

2    quired under paragraph (1) shall include the fol-

3    lowing:

4        (A) An examination of patent quality at

5    the Office.

6        (B) An examination of ways to improve

7    patent quality, specifically through technology,

8    that shall include examining best practices at

9    foreign patent offices and the use of existing

10    off-the-shelf technologies to improve patent ex-

11    amination.

12        (C) A description of how patents are clas-

13    sified.

14        (D) An examination of procedures in place

15    to prevent double patenting through filing by

16    applicants in multiple art areas.

17        (E) An examination of the types of off-the-

18    shelf prior art databases and search software

19    used by foreign patent offices and governments,

20    particularly in Europe and Asia, and whether

21    those databases and search tools could be used

22    by the Office to improve patent examination.

23        (F) An examination of any other areas the

24    Comptroller General determines to be relevant.

1    (3) REPORT ON STUDY.—Not later than 1 year

2    after the date of the enactment of this Act, the

3    Comptroller General shall submit to the Committee

4    on the Judiciary of the House of Representatives

5    and the Committee on the Judiciary of the Senate

6    a report on the findings and recommendations from

7    the study required by this subsection, including rec-

8    ommendations for any changes to laws and regula-

9    tions that will improve the examination of patent ap-

10    plications and patent quality.

11    (d) STUDY ON PATENT SMALL CLAIMS COURT.—

12    (1) STUDY REQUIRED.—

13    (A) IN GENERAL.—The Director of the

14    Administrative Office of the United States

15    Courts, in consultation with the Director of the

16    Federal Judicial Center and the United States

17    Patent and Trademark Office, shall, using ex-

18    isting resources, conduct a study to examine the

19    idea of developing a pilot program for patent

20    small claims procedures in certain judicial dis-

21    tricts within the existing patent pilot program

22    mandated by Public Law 111–349.

23    (B) CONTENTS OF STUDY.—The study

24    under subparagraph (A) shall examine—

49

1            (i) the necessary criteria for using

2        small claims procedures;

3            (ii) the costs that would be incurred

4        for establishing, maintaining, and oper-

5        ating such a pilot program; and

6            (iii) the steps that would be taken to

7        ensure that the procedures used in the

8        pilot program are not misused for abusive

9        patent litigation.

10        (2) REPORT ON STUDY.—Not later than 1 year

11    after the date of the enactment of this Act, the Di-

12    rector of the Administrative Office of the United

13    States Courts shall submit a report to the Com-

14    mittee on the Judiciary of the House of Representa-

15    tives and the Committee on the Judiciary of the

16    Senate on the findings and recommendations of the

17    Director of the Administrative Office from the study

18    required under paragraph (1).

19    (e) STUDY ON DEMAND LETTERS.—

20        (1) STUDY.—The Director, in consultation with

21    the heads of other appropriate agencies, shall, using

22    existing resources, conduct a study of the prevalence

23    of the practice of sending patent demand letters in

24    bad faith and the extent to which that practice may,

50

1      through fraudulent or deceptive practices, impose a

2      negative impact on the marketplace.

3          (2) REPORT TO CONGRESS.—Not later than 1

4      year after the date of the enactment of this Act, the

5      Director shall submit a report to the Committee on

6      the Judiciary of the House of Representatives and

7      the Committee on the Judiciary of the Senate on the

8      findings and recommendations of the Director from

9      the study required under paragraph (1).

10         (3) PATENT DEMAND LETTER DEFINED.—In

11     this subsection, the term ''patent demand letter''

12     means a written communication relating to a patent

13     that states or indicates, directly or indirectly, that

14     the recipient or anyone affiliated with the recipient

15     is or may be infringing the patent.

16     (f) STUDY ON BUSINESS METHOD PATENT QUAL-

17  ITY.—

18         (1) GAO STUDY.—The Comptroller General of

19     the United States shall, using existing resources,

20     conduct a study on the volume and nature of litiga-

21     tion involving business method patents.

22         (2) CONTENTS OF STUDY.—The study required

23     under paragraph (1) shall focus on examining the

24     quality of business method patents asserted in suits

25     alleging patent infringement, and may include an ex-

51

1    amination of any other areas that the Comptroller
2    General determines to be relevant.

3        (3) REPORT TO CONGRESS.—Not later than 1
4    year after the date of the enactment of this Act, the
5    Comptroller General shall submit to the Committee
6    on the Judiciary of the House of Representatives
7    and the Committee on the Judiciary of the Senate
8    a report on the findings and recommendations from
9    the study required by this subsection, including rec-
10   ommendations for any changes to laws or regula-
11   tions that the Comptroller General considers appro-
12   priate on the basis of the study.

13   (g) STUDY ON IMPACT OF LEGISLATION ON ABILITY
14   OF INDIVIDUALS AND SMALL BUSINESSES TO PROTECT
15   EXCLUSIVE RIGHTS TO INVENTIONS AND DISCOV-
16   ERIES.—

17       (1) STUDY REQUIRED.—The Director, in con-
18   sultation with the Secretary of Commerce, the Direc-
19   tor of the Administrative Office of the United States
20   Courts, the Director of the Federal Judicial Center,
21   the heads of other relevant agencies, and interested
22   parties, shall, using existing resources of the Office,
23   conduct a study to examine the economic impact of
24   sections 3, 4, and 5 of this Act, and any amend-
25   ments made by such sections, on the ability of indi-

52

1    viduals and small businesses owned by women, vet-
2    erans, and minorities to assert, secure, and vindicate
3    the constitutionally guaranteed exclusive right to in-
4    ventions and discoveries by such individuals and
5    small business.

6        (2) REPORT ON STUDY.—Not later than 2
7    years after the date of the enactment of this Act, the
8    Director shall submit to the Committee on the Judi-
9    ciary of the House of Representatives and the Com-
10   mittee on the Judiciary of the Senate a report on
11   the findings and recommendations of the Director
12   from the study required under paragraph (1).

13   **SEC. 9. IMPROVEMENTS AND TECHNICAL CORRECTIONS TO**
14   **THE LEAHY-SMITH AMERICA INVENTS ACT.**

15   (a) POST-GRANT REVIEW AMENDMENT.—Section
16   325(e)(2) of title 35, United States Code is amended by
17   striking "or reasonably could have raised".

18   (b) REFORM OF PATENT TRIAL AND APPEAL BOARD
19   PROCEEDINGS.—

20       (1) INTER PARTES REVIEW.—Section 316(a) of
21   title 35, United States Code, is amended—

22           (A) in paragraph (12), by striking "; and"
23       and inserting a semicolon;

24           (B) in paragraph (13), by striking the pe-
25       riod at the end and inserting a semicolon; and

53

1          (C) by adding at the end the following new

2     paragraphs:

3          ''(14) providing that for all purposes under this

4     chapter—

5               ''(A) each claim of a patent shall be con-

6          strued as such claim would be in a civil action

7          to invalidate a patent under section 282(b), in-

8          cluding construing each claim of the patent in

9          accordance with the ordinary and customary

10         meaning of such claim as understood by one of

11         ordinary skill in the art and the prosecution

12         history pertaining to the patent; and

13              ''(B) if a court has previously construed

14         the claim or a claim term in a civil action in

15         which the patent owner was a party, the Office

16         shall consider such claim construction; and

17         ''(15) providing that a review may not be insti-

18    tuted unless the petitioner certifies that the peti-

19    tioner and the real parties in interest of the peti-

20    tioner—

21              ''(A) do not own and will not acquire a fi-

22         nancial instrument (including a prepaid variable

23         forward contract, equity swap, collar, or ex-

24         change fund) that is designed to hedge or offset

25         any decrease in the market value of an equity

54

1     security of the patent owner or an affiliate of

2     the patent owner, during a period following the

3     filing of the petition to be determined by the

4     Director; and

5         ''(B) have not demanded payment, mone-

6     tary or otherwise, from the patent owner or an

7     affiliate of the patent owner in exchange for a

8     commitment not to file a petition under section

9     311 with respect to the patent that is the sub-

10     ject of the petition, unless the petitioner or the

11     real party in interest of the petitioner has been

12     sued for or charged with infringement of the

13     patent, during a period to be determined by the

14     Director.''.

15     (2) POST-GRANT REVIEW.—Section 326(a) of

16     title 35, United States Code, is amended—

17         (A) in paragraph (11), by striking ''; and''

18     and inserting a semicolon;

19         (B) in paragraph (12), by striking the pe-

20     riod at the end and inserting a semicolon; and

21         (C) by adding at the end the following new

22     paragraphs:

23         ''(13) providing that for all purposes under this

24     chapter—

55

1          "(A) each claim of a patent shall be con-
2      strued as such claim would be in a civil action
3      to invalidate a patent under section 282(b), in-
4      cluding construing each claim of the patent in
5      accordance with the ordinary and customary
6      meaning of such claim as understood by one of
7      ordinary skill in the art and the prosecution
8      history pertaining to the patent; and

9          "(B) if a court has previously construed
10     the claim or a claim term in a civil action in
11     which the patent owner was a party, the Office
12     shall consider such claim construction; and

13     "(14) providing that a review may not be insti-
14 tuted unless the petitioner certifies that the peti-
15 tioner and the real parties in interest of the peti-
16 tioner—

17         "(A) do not own and will not acquire a fi-
18     nancial instrument (including a prepaid variable
19     forward contract, equity swap, collar, or ex-
20     change fund) that is designed to hedge or offset
21     any decrease in the market value of an equity
22     security of the patent owner or an affiliate of
23     the patent owner, during a period following the
24     filing of the petition to be determined by the
25     Director; and

56

1          "(B) have not demanded payment, mone-
2     tary or otherwise, from the patent owner or an
3     affiliate of the patent owner in exchange for a
4     commitment not to file a petition under section
5     311 with respect to the patent that is the sub-
6     ject of the petition, unless the petitioner or the
7     real party in interest of the petitioner has been
8     sued for or charged with infringement of the
9     patent, during a period to be determined by the
10    Director.''.

11        (3) TECHNICAL AND CONFORMING AMEND-
12    MENT.—Section 18(a)(1)(A) of the Leahy-Smith
13    America Invents Act (Public Law 112–29; 126 Stat.
14    329; 35 U.S.C. 321 note) is amended by striking
15    "Section 321(c)" and inserting "Sections 321(c) and
16    326(a)(13)".

17        (4) DECLARATION EVIDENCE.—

18        (A) PRELIMINARY RESPONSE TO PETITION
19    FOR INTER PARTES REVIEW.—Section 313 of
20    title 35, United States Code, is amended by
21    striking the period at the end and inserting ",
22    including affidavits or declarations of sup-
23    porting evidence and opinions.".

24        (B) PRELIMINARY RESPONSE TO PETITION
25    FOR POST-GRANT REVIEW.—Section 323 of title

1   35, United States Code, is amended by striking

2   the period at the end and inserting ", including

3   affidavits or declarations of supporting evidence

4   and opinions.".

5   (5) RIGHT OF DUE PROCESS.—

6   (A) INTER PARTES REVIEW.—Section

7   316(b) of title 35, United States Code, is

8   amended by striking "and the ability" and in-

9   serting "the rights to due process of the patent

10  owner and the petitioner, and the ability".

11  (B) POST-GRANT REVIEW.—Section 326(b)

12  of title 35, United States Code, is amended by

13  striking "and the ability" and inserting "the

14  rights to due process of the patent owner and

15  the petitioner, and the ability".

16  (6) SERIAL OR REDUNDANT PETITIONS.—The

17  Director shall designate as precedential (and may

18  change the designation as the Director determines to

19  be appropriate), with respect to the application of

20  subsections (d) and (e) of section 325 of title 35,

21  United States Code, the decisions of the Patent

22  Trial and Appeal Board in each of the following de-

23  cisions:

58

1    (A) *Dell Inc.* v. *Electronics and Telecomms.*

2    *Research Inst.*, IPR2015–00549, Paper 10

3    (PTAB Mar. 26, 2015).

4    (B) *Zimmer Holdings, Inc.* v. *Bonutti Skel-*

5    *etal Innovations LLC*, IPR2014–01080, Paper

6    17 (PTAB Oct. 31, 2014).

7    (C) *Prism Pharma Co., Ltd.* v. *Choongwae*

8    *Pharma Corp.*, IPR2014–00315, Paper 14

9    (PTAB July 8, 2014).

10    (D) *Unilever, Inc.* v. *The Procter & Gamble*

11    *Co.*, IPR2014–00506, Paper 17 (PTAB July 7,

12    2014).

13    (7) PRELIMINARY RESPONSE TO INTER PARTES

14    REVIEW AMENDMENT.—

15    (A) AMENDMENT.—Section 313 of title 35,

16    United States Code, is amended by adding at

17    the end the following new sentence: ''The Direc-

18    tor may accept a reply by the petitioner to new

19    issues raised in the preliminary response, upon

20    request by the petitioner to file such reply,

21    within a time period set by the Director.''

22    (B) CONFORMING AMENDMENTS.—Section

23    314 of title 35, United States Code, is amend-

24    ed—

 1          (i) in subsection (a), by striking "any

 2     response" and inserting "any response or

 3     reply"; and

 4          (ii) in subsection (b)—

 5          (I) in paragraph (1), by striking

 6          "receiving a preliminary response to

 7          the petition" and inserting "receiving

 8          the later of a preliminary response to

 9          the petition or a reply to such prelimi-

10          nary response"; and

11          (II) by amending paragraph (2)

12          to read as follows:

13     "(2) if—

14          "(A) no such preliminary response is filed,

15     the last date on which such response may be

16     filed; and

17          "(B) such preliminary response is filed and

18     no such reply is requested, the last day on

19     which such reply may be requested.".

20     (8) EFFECTIVE DATE, REGULATIONS, AND

21     TRANSITION FOR SHORT SALES.—

22          (A) EFFECTIVE DATE.—Sections

23     316(a)(15) and 326(a)(14) of title 35, United

24     States Code, as added by paragraphs (1) and

60

1    (2) shall take effect on the date of the enact-

2    ment of this Act.

3        (B) REGULATIONS REQUIRED.—Not later

4    than one year after the date of the enactment

5    of this Act, the Director shall issue regulations

6    to carry out sections 316(a)(15) and 326(a)(14)

7    of title 35, United States Code, as added by

8    paragraphs (1) and (2).

9        (C) TRANSITION.—During the period that

10   begins on the date of the enactment of this Act

11   and ends on the date of the issuance of the reg-

12   ulations required pursuant to subparagraph

13   (B), a petition filed under chapter 31 or 32 of

14   title 35, United States Code, on or after the

15   date of the enactment of this Act may not be

16   instituted unless the petitioner certifies that the

17   petitioner and the real parties in interest of

18   such petitioner—

19           (i) do not own a financial instrument

20       described in sections 316(a)(15) and

21       326(a)(14) of title 35, United States Code,

22       as added by paragraphs (1) and (2), dur-

23       ing the one-week period following the date

24       on which the petition is filed; and

1          (ii) have not demanded anything of

2          value from the patent owner or an affiliate

3          of the patent owner during the period be-

4          tween September 16, 2012, and the date of

5          the filing of the petition.

6     (9) EFFECTIVE DATE.—Except as otherwise

7     provided, the amendments made by this subsection

8     shall take effect upon the expiration of the 90-day

9     period beginning on the date of the enactment of

10    this Act, and shall apply to any proceeding under

11    chapter 31 or 32 of title 35, United States Code, as

12    the case may be, for which the petition for review is

13    filed on or after such effective date.

14    (c) CODIFICATION OF THE DOUBLE-PATENTING DOC-

15    TRINE.—

16         (1) AMENDMENTS.—

17              (A) CONDITIONS FOR PATENTABILITY;

18         NOVELTY.—Section 102 of title 35, United

19         States Code, is amended by inserting at the end

20         the following new subsection:

21    "(e) DOUBLE-PATENTING PRIOR ART.—If a first

22    claimed invention in a first patent was effectively filed on

23    or before the effective filing date of a second claimed in-

24    vention in a second patent or in the application on which

25    the second patent issues, and the first claimed invention

62

1 is not otherwise prior art to the second claimed invention

2 under this section, then the first claimed invention shall,

3 notwithstanding the other subsections of this section, con-

4 stitute prior art to the second claimed invention under this

5 subsection unless—

6      ''(1) the second claimed invention is consonant

7      with a requirement for restriction under the first

8      sentence of section 121 with respect to the claims

9      issued in the first patent; or

10      ''(2) an election has been recorded in the Office

11      by the owner of the second patent or the application

12      on which the second patent issues disclaiming the

13      right to bring or maintain a civil action under sec-

14      tion 281 to enforce the second patent, except that

15      such disclaimer shall not apply if—

16          ''(A) the relief being sought in the civil ac-

17          tion would not constitute a cause of action

18          barred by res judicata had the asserted claims

19          of the second patent been issued in the first

20          patent; and

21          ''(B) the owner of the first patent or the

22          application on which the first patent issues has

23          recorded an election limiting the enforcement of

24          the first patent relative to the second patent in

25          the manner described in this paragraph, the

63

1       owner of the first patent is a party to the civil
2       action, or a separate action under section 281
3       to enforce the first patent can no longer be
4       brought or maintained.''.

5           (B) DIVISIONAL APPLICATIONS.—Section
6       121 of title 35, United States Code, is amended
7       by striking the third sentence.

8           (C) LIMITATIONS.—Paragraph (2) of sec-
9       tion 154(b) of title 35, United States Code, is
10      amended by inserting at the end the following
11      new subparagraph:

12          ''(D) PATENTS SUBJECT TO ELECTION.—
13      If a patent is subject to an election as described
14      in section 102(e)(2) with respect to one or more
15      other patents, the adjusted term of the patent
16      under this subsection may not exceed a period
17      of 17 years from the date of issuance of any of
18      such other patents and the portion of any ad-
19      justment of the term of the patent under this
20      subsection that extends beyond the expiration of
21      such 17-year period years shall be void.''.

22          (2) EFFECTIVE DATE, IMPLEMENTATION, AND
23      OTHER TRANSITION PROVISIONS.—

24          (A) IN GENERAL.—The amendments made
25      by paragraph (1) shall be effective as if in-

64

1 cluded in the amendment made by section

2 3(b)(1) of the Leahy-Smith America Invents

3 Act (Public Law 112–29).

4 (B) SAVINGS CLAUSE.—If a second

5 claimed invention in a second patent issued be-

6 fore the date of the enactment of this Act is

7 subject to the amendments made by paragraph

8 (1) and would not have been invalid had the

9 amendments made by paragraph (1) and the

10 provisions of this paragraph not been enacted,

11 then, notwithstanding section 102(e) of title 35,

12 United States Code, as added by paragraph (1),

13 prior art under such section 102(e) may not be

14 considered in determining the validity of such

15 second claimed invention.

16 (C) PROVISIONAL REJECTIONS TO CON-

17 TINUE.—If a first claimed invention in a first

18 application for patent subject to the amend-

19 ments under paragraph (1) would, if issued as

20 a patent, constitute prior art under section

21 102(e) of title 35, United States Code, as added

22 by paragraph (1), with respect to a second

23 claimed invention in a second application, the

24 first claimed invention may be provisionally

25 cited by the Office as prior art in a notice

1    under section 132 of title 35, United States
2    Code, in connection with the examination of the
3    second claimed invention.

4         (D) PATENT TERM; RULE OF CONSTRUC-
5    TION.—

6              (i) IN GENERAL.—If the term of a
7         patent is based upon the amendments
8         made to subsection (a) of section 154, title
9         35, United States Code, by the Uruguay
10        Round Agreements Act (Public Law 103–
11        465; 108 Stat. 4809)—

12                  (I) the patent term as provided
13             under subsection (a) of such section
14             154, any adjustment to said term as
15             provided under subsection (b) of such
16             section 154, and any extension of
17             such term as provided under section
18             156 of title 35, United States Code,
19             shall not constitute, nor be deemed by
20             the Office or the courts to constitute,
21             an unjustified period of protection
22             under the patent or an unjustified ex-
23             tension of the right to exclude under
24             the patent relative to an earlier-expir-
25             ing patent;

1          (II) the Office shall not condition
2     the issuance of such a patent on a
3     disclaimer of any portion of the term
4     of the patent; and

5          (III) the Office may condition the
6     issuance of such a patent on the mak-
7     ing of an election as described in sec-
8     tion 102(e)(2) of title 35, United
9     States Code, as added by paragraph
10    (1) in lieu of the filing of a disclaimer
11    with respect to the ownership or sepa-
12    rate enforcement of the patent that
13    would otherwise be required by the
14    Office in cases of non-statutory double
15    patenting.

16       (ii) DISCLAIMERS IN PENDING APPLI-
17    CATIONS.—A terminal disclaimer made in
18    connection with an application for patent
19    with respect to one or more other applica-
20    tions or patents shall be given no effect
21    and shall be treated as having never been
22    made if—

23          (I) within one year after the date
24    of the enactment of this Act, an elec-
25    tion as described in section 102(e)(2)

1       of title 35, United State Code, as

2       added by paragraph (1), has been

3       made in connection with the applica-

4       tion or any patent issuing thereon and

5       has effect with respect to each such

6       other application or patent with re-

7       spect to which the disclaimer was

8       made;

9           (II) the application was pending

10      before the Office on or after July 1,

11      2015; and

12          (III) the term of a patent issued

13      on the application would be based

14      upon the amendments made to sub-

15      section (a) of section 154 of title 35,

16      United States Code, by the Uruguay

17      Round Agreements Act.

18          (iii) DISCLAIMERS OTHERWISE UNAF-

19      FECTED.—Except as provided in clause

20      (ii), nothing in this subsection shall be con-

21      strued to negate the effect of a terminal

22      disclaimer limiting the enforcement of a

23      patent issued on or before the date of the

24      enactment of this Act.

68

1          (iv) TERMINAL DISCLAIMER DE-
2     FINED.—In this subparagraph, the term
3     "terminal disclaimer" has the meaning as
4     such term is described in section 1.321 of
5     title 37, Code of Federal Regulations.
6     (E) EXCLUSIVE RULES.—
7          (i)   FIRST-INVENTOR-TO-FILE   PAT-
8     ENTS.—A claimed invention of a patent
9     described in section 3(n)(1) of the Leahy-
10    Smith America Invents Act (35 U.S.C. 100
11    note) and issued before, on, or after the
12    date of the enactment of this Act may not
13    be held invalid on any nonstatutory double-
14    patenting ground.
15         (ii)  FIRST-TO-INVENT  PATENTS.—A
16    claimed invention of a patent not described
17    in  section  3(n)(1)  of  the  Leahy-Smith
18    America Invents Act and issued before, on,
19    or after the date of the enactment of this
20    Act may not be held invalid with respect to
21    a  claimed  invention  of  another  patent
22    based  on  any  nonstatutory  double  pat-
23    enting ground if one of the claimed inven-
24    tions is prior art to the other claimed in-
25    vention  under  section  102  of  title  35,

69

1          United States Code, as in effect on the day
2          prior to the effective date of the amend-
3          ments made by section 3(b)(1) of the
4          Leahy-Smith America Invents Act.

5      (F) EFFECT OF RULE OF CONSTRUCTION
6   AND EXCLUSIVE RULES.—Subparagraphs (D)
7   and (E) shall take effect on the date of the en-
8   actment of this Act, except that they shall not
9   apply to any defense raised in a civil action
10  brought before such date.

11  (d) PTO PATENT REVIEWS.—

12      (1) CLARIFICATION.—

13          (A) SCOPE OF PRIOR ART.—Section
14      18(a)(1)(C)(i) of the Leahy-Smith America In-
15      vents Act (35 U.S.C. 321 note) is amended by
16      striking "section 102(a)" and inserting "sub-
17      section (a) or (e) of section 102".

18          (B) EFFECTIVE DATE.—The amendment
19      made by subparagraph (A) shall take effect on
20      the date of the enactment of this Act and shall
21      apply to any proceeding pending on, or filed on
22      or after, such date of enactment.

23      (2) AUTHORITY TO WAIVE FEE.—Subject to
24  available resources, the Director may waive payment
25  of a filing fee for a transitional proceeding described

70

1    under section 18(a) of the Leahy-Smith America In-
2    vents Act (35 U.S.C. 321 note).

3        (3) PROCEEDING CONSOLIDATION CLARIFICA-
4    TION.—Section 315(c) is amended to read as fol-
5    lows:

6    "(c) JOINDER.—

7        "(1) JOINDER OF PARTY.—If the Director insti-
8    tutes an inter partes review, the Director, in his or
9    her discretion, may join as a party to that inter
10    partes review any person who meets the requirement
11    of properly filing a petition under section 311 that
12    the Director, after receiving a preliminary response
13    under section 313 or the expiration of the time for
14    filing such a response, determines warrants the in-
15    stitution of an inter partes review under section 314.

16        "(2) JOINDER OF LATER FILED PETITION.—
17    For good cause shown, the Director may allow a
18    party who files a petition that meets the requirement
19    described in paragraph (1) and concerns the patent
20    of a pending inter partes review to join the petition
21    to the pending review.".

22    (e) CLARIFICATION OF JURISDICTION.—

23        (1) IN GENERAL.—An action or claim arises
24    under an Act of Congress relating to patents if such
25    action or claim—

1        (A) necessarily requires resolution of a dis-

2     puted question as to the validity of a patent or

3     the scope of a patent claim; or

4        (B) is an action or claim for legal mal-

5     practice that arises from an attorney's conduct

6     in relation to an action or claim arising under

7     an Act of Congress relating to patents (includ-

8     ing as described in paragraph (1)).

9     (2) APPLICABILITY.—Paragraph (1)—

10        (A) shall apply to all cases filed on or

11     after, or pending on, the date of the enactment

12     of this Act; and

13        (B) shall not apply to a case in which a

14     Federal court has issued a ruling on whether

15     the case or a claim arises under any Act of

16     Congress relating to patents or plant variety

17     protection before the date of the enactment of

18     this Act.

19     (f) PATENT PILOT PROGRAM IN CERTAIN DISTRICT

20  COURTS DURATION.—

21     (1) DURATION.—Section 1(c) of Public Law

22     111–349 (124 Stat. 3674; 28 U.S.C. 137 note) is

23     amended to read as follows:

24     "(c) DURATION.—The program established under

25  subsection (a) shall be maintained using existing re-

1 sources, and shall terminate 20 years after the end of the

2 6-month period described in subsection (b).''.

3       (2) EFFECTIVE DATE.—The amendment made

4    by paragraph (1) shall take effect on the date of the

5    enactment of this Act.

6    (g) MANAGEMENT OF THE UNITED STATES PATENT

7 AND TRADEMARK OFFICE.—

8       (1) IN GENERAL.—Section 3(b)(1) of title 35,

9    United States Code, is amended in the first sen-

10    tence—

11          (A) by striking ''be vested with the author-

12       ity to act in the capacity of the'' and inserting

13       ''serve as Acting,''; and

14          (B) by inserting before the period ''or in

15       the event of a vacancy in the office of the Di-

16       rector''.

17       (2) EFFECTIVE DATE.—The amendments made

18    by paragraph (1) shall take effect on the date of the

19    enactment of this Act and shall apply with respect

20    to appointments and vacancies occurring before, on,

21    or after the date of the enactment of this Act.

22    (h) TECHNICAL CORRECTIONS.—

23       (1) NOVELTY.—

24          (A) AMENDMENT.—Section 102(b)(1)(A)

25       of title 35, United States Code, is amended by

1    striking "the inventor or joint inventor or by
2    another" and inserting "the inventor or a joint
3    inventor or another".

4        (B) EFFECTIVE DATE.—The amendment
5    made by subparagraph (A) shall be effective as
6    if included in the amendment made by section
7    3(b)(1) of the Leahy-Smith America Invents
8    Act (Public Law 112–29).

9    (2) INVENTOR'S OATH OR DECLARATION.—

10        (A) AMENDMENT.—The second sentence of
11    section 115(a) of title 35, United States Code,
12    is amended by striking "shall execute" and in-
13    serting "may be required to execute".

14        (B) EFFECTIVE DATE.—The amendment
15    made by subparagraph (A) shall be effective as
16    if included in the amendment made by section
17    4(a)(1) of the Leahy-Smith America Invents
18    Act (Public Law 112–29).

19    (3) ASSIGNEE FILERS.—

20        (A) BENEFIT OF EARLIER FILING DATE;
21    RIGHT OF PRIORITY.—Section 119(e)(1) of title
22    35, United States Code, is amended, in the first
23    sentence, by striking "by an inventor or inven-
24    tors named" and inserting "that names the in-
25    ventor or a joint inventor".

74

1    (B) BENEFIT OF EARLIER FILING DATE IN
2    THE UNITED STATES.—Section 120 of title 35,
3    United States Code, is amended, in the first
4    sentence, by striking ''names an inventor or
5    joint inventor'' and inserting ''names the inven-
6    tor or a joint inventor''.

7    (C) EFFECTIVE DATE.—The amendments
8    made by this paragraph shall take effect on the
9    date of the enactment of this Act and shall
10   apply to any patent application, and any patent
11   issuing from such application, that is filed on or
12   after September 16, 2012.

13   (4) DERIVED PATENTS.—

14   (A) AMENDMENT.—Section 291(b) of title
15   35, United States Code, is amended by striking
16   ''or joint inventor'' and inserting ''or a joint in-
17   ventor''.

18   (B) EFFECTIVE DATE.—The amendment
19   made by subparagraph (A) shall be effective as
20   if included in the amendment made by section
21   3(h)(1) of the Leahy-Smith America Invents
22   Act (Public Law 112–29).

23   (5) SPECIFICATION.—Notwithstanding section
24   4(e) of the Leahy-Smith America Invents Act (Pub-
25   lic Law 112–29; 125 Stat. 297), the amendments

75

1    made by subsections (c) and (d) of section 4 of such

2    Act shall apply to any proceeding or matter that is

3    pending on, or filed on or after, the date of the en-

4    actment of this Act.

5        (6) TIME LIMIT FOR COMMENCING MISCONDUCT

6    PROCEEDINGS.—

7            (A) AMENDMENT.—Section 32 of title 35,

8        United States Code, is amended by striking the

9        fourth sentence and inserting the following new

10        sentences: "A proceeding under this section

11        shall be commenced not later than the earlier of

12        either the date that is 10 years after the date

13        on which the misconduct forming the basis for

14        the proceeding occurred, or 18 months after the

15        date on which the Director of the Office of En-

16        rollment and Discipline received a written griev-

17        ance (as prescribed in the regulations estab-

18        lished under section 2(b)(2)(D)) about a speci-

19        fied individual that describes the misconduct

20        forming the basis for the proceeding. If the mis-

21        conduct that forms the basis for the proceeding

22        under this section is at issue in a court or ad-

23        ministrative-agency proceeding, the 18-month

24        period for commencing the proceeding under

25        this section shall be tolled until the court or

1    agency's decision regarding the misconduct be-

2    comes final and non-appealable. The 18-month

3    period for commencing a proceeding under this

4    section also may be tolled by agreement be-

5    tween the parties.''

6        (B) EFFECTIVE DATE.—The amendment

7    made by this paragraph shall take effect on the

8    date of the enactment of this Act and shall

9    apply to any action in which the Office files a

10    complaint on or after such date of enactment.

11    (7) PATENT OWNER RESPONSE.—

12        (A) CONDUCT OF INTER PARTES RE-

13    VIEW.—Paragraph (8) of section 316(a) of title

14    35, United States Code, is amended by striking

15    ''the petition under section 313'' and inserting

16    ''the petition under section 311''.

17        (B) CONDUCT OF POST-GRANT REVIEW.—

18    Paragraph (8) of section 326(a) of title 35,

19    United States Code, is amended by striking

20    ''the petition under section 323'' and inserting

21    ''the petition under section 321''.

22        (C) EFFECTIVE DATE.—The amendments

23    made by this paragraph shall take effect on the

24    date of the enactment of this Act.

25    (8) INTERNATIONAL APPLICATIONS.—

77

1      (A) AMENDMENTS.—Section 202(b) of the

2     Patent Law Treaties Implementation Act of

3     2012 (Public Law 112–211; 126 Stat. 1536) is

4     amended—

5         (i) by striking paragraph (7); and

6         (ii) by redesignating paragraphs (8)

7      and (9) as paragraphs (7) and (8), respec-

8      tively.

9      (B) EFFECTIVE DATE.—The amendments

10     made by subparagraph (A) shall be effective as

11     if included in title II of the Patent Law Trea-

12     ties Implementation Act of 2012 (Public Law

13     112–21).

14    (9) GLOBAL WORKSHARING.—

15      (A) AMENDMENT.—Section 122 of title 35,

16     United States Code, is amended by adding at

17     the end the following new subsection:

18    "(f) FOREIGN OR INTERNATIONAL FILING.—

19     "(1) PROVISION OF INFORMATION.—The Direc-

20    tor may provide information concerning an applica-

21    tion for patent to a foreign or international intellec-

22    tual property office if a corresponding application is

23    filed with such foreign or international intellectual

24    property office. If the corresponding application is

25    an international application, such information may

1    also be provided to an International Searching Au-
2    thority, an International Preliminary Examining Au-
3    thority, or the International Bureau.

4        ''(2) DEFINITIONS.—For purposes of this sub-
5    section, the terms 'international application', 'Inter-
6    national Searching Authority', 'International Pre-
7    liminary Examining Authority', and 'International
8    Bureau' have the same meaning given those terms
9    under section 351.''.

10        (B) CONFORMING AMENDMENT.—Section
11        122(a) of title 35, United States Code, is
12        amended by striking ''subsection (b)'' and in-
13        serting ''subsections (b) and (f)''.

14        (C) EFFECTIVE DATE.—The amendments
15        made by this paragraph shall take effect on the
16        date of the enactment of this Act and shall
17        apply to applications for patent that are pend-
18        ing on, or filed on or after, such effective date.

19        (10) JURISDICTION FOR APPEALS OF TRADE-
20    MARK CASES.—

21        (A) COURT OF APPEALS.—Section
22        1295(a)(4)(C) of title 28, United States Code,
23        is amended by striking ''title 35'' and inserting
24        ''title 35 or section 21(b) of the Act of July 5,

79

1     1946 (commonly referred to as the 'Trademark

2     Act of 1946') (15 U.S.C. 1071(b))'';

3         (B) CONFORMING AMENDMENT.—Section

4     39(a) of the Act of July 5, 1946 (commonly re-

5     ferred to as the ''Trademark Act of 1946'') (15

6     U.S.C. 1121(a)) is amended by striking ''under

7     this Act'' and inserting ''under this Act (except

8     as provided in section 1295(a)(4) of title 28,

9     United States Code)''.

10         (C) EFFECTIVE DATE.—The amendment

11     made by subparagraph (A) shall apply in any

12     case in which a final judgment is entered by the

13     district court on or after the date of enactment

14     of this Act.

15     (11) OFFICERS AND EMPLOYEES AMEND-

16     MENT.—

17         (A) AMENDMENT.—Section 3(b)(3)(A) of

18     title 35, United States Code, is amended by

19     striking ''appoint'' and inserting ''appoint, or

20     nominate for appointment by the Secretary of

21     Commerce,''.

22         (B) APPLICABILITY.—Section 3(b)(3)(B)

23     of title 35, United States Code, as added by

24     subparagraph (A) shall apply to all officers

25     nominated for appointment by the Secretary of

1    Commerce before, on, or after the date of the

2    enactment of this Act.

**SEC. 10. EFFECTIVE DATE.**

4    Except as otherwise provided in this Act, the provi-

5    sions of this Act shall take effect on the date of the enact-

6    ment of this Act, and shall apply to any patent issued,

7    or any action filed, on or after that date.

