No. 16-105

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

In re:  TC HEARTLAND, LLC,

*Petitioner,*

_____

On Petition for Writ of Mandamus to the United States District Court
for the District of Delaware, Civil Case No. 14-028,
Chief Judge Leonard P. Stark

_____

MOTION OF WASHINGTON LEGAL FOUNDATION
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PETITIONER

Pursuant to Fed.R.App.P. 29(a) & (b), Washington Legal Foundation (WLF) hereby moves for leave to file the attached brief as *amicus curiae* in support of the petition for a writ of mandamus.  In support of the motion, WLF states as follows:

1.  WLF is a public- interest law firm and policy center with supporters in all 50 States.  It devotes a substantial portion of its resources to defending and promoting free enterprise, individual rights, a limited and accountable government, and the rule of law.

2.  WLF has regularly appeared before this Court in cases raising important

patent law issues. *See, e.g., Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2013) (*en banc*); *i4i Limited Partnership v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011). WLF has also frequently appeared in federal and state courts in cases involving personal jurisdiction issues, to support defendants seeking to avoid being subject to a court's coercive powers when assertion of jurisdiction does not comply with due process constraints. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011); *Bristol-Myers Squibb Co. v. Superior Court*, No. S221038 (Cal. Supr. Ct., dec. pending).

    3. The mandamus petition raises two issues. First, the petition argues that venue does not lie in the U.S. District Court for the District of Delaware and that the district court wrongfully denied the Petitioner's venue transfer motion. Second, the petition argues that the district court lacks personal jurisdiction over the Petitioner with respect to the vast majority of the claims at issue, and thus that the district court wrongfully denied the motion to dismiss.

    4. The briefs filed to date by the parties and *amici curiae* focus primarily on the first issue—whether venue is proper. Comparatively little of the briefing has focused on the personal jurisdiction issue. WLF seeks to file the attached brief in order to bring additional material regarding constitutional constraints on personal

jurisdiction to the attention of the Court.

5. WLF has frequently litigated in federal and state court on personal jurisdiction issues. It has no direct interest, financial or otherwise, in the outcome of the underlying patent litigation between the parties. WLF seeks to file its brief for the sole purpose of bringing to the Court's attention additional material not fully covered in the parties' briefs. Because of its lack of a direct interest in the case, WLF believes that it may be able to assist the Court in deciding this case by providing the Court with a perspective distinct from that of any of the parties.

6. WLF could not have filed its brief earlier because it was unaware of the case until several weeks ago. As soon as it became aware of the case, it began working expeditiously to prepare a brief.

7. WLF recognizes that other briefs, including *amicus curiae* briefs both in support of Petitioner and in support of Respondent, were filed last October and November. WLF notes, however, that not until January 15, 2016 did the Court set the petition for oral argument. The decision to conduct an oral argument suggests to WLF that the Court has decided to give serious consideration to the issues raised in the petition. In light of the importance of those issues, WLF submits that the Court can only benefit from additional briefing.

8. Respondent will not be prejudiced if WLF is permitted to file its brief.

Oral argument is not scheduled to take place until March 11, 2016, nearly a month from now. Accordingly, Respondent will have more than adequate time to prepare a response to WLF's brief, should it wish to do so.

9. WLF contacted counsel for the parties to ascertain whether they would consent to the motion for leave. Counsel for Petitioner granted consent. Counsel for Respondent stated that he opposed the motion and had not yet determined whether he will file a brief in opposition to the motion.

WHEREFORE, WLF respectfully requests that the Court grant its motion to file its proposed *amicus curiae* brief. A copy of the proposed brief is attached.

Respectfully submitted,

/s/ Richard A. Samp
Richard A. Samp
Washington Legal Foundation
2009 Massachusetts Ave., NW
Washington, DC  20036
202-588-0302
rsamp@wlf.org

Dated: February 17, 2016

# CERTIFICATE OF INTEREST

Counsel for *amicus curiae* Washington Legal Foundation certifies the following:

1. **The full name of every party or amicus represented by me is**:

    Washington Legal Foundation

2. **The name of the real party in interest represented by me is**:

    Washington Legal Foundation

3. **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties or *amicus curiae* represented by me are listed below**:

    None

4. **The names of all law firms and the partners and associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are**:

    Richard Samp
    Washington Legal Foundation
    2009 Massachusetts Ave., NW
    Washington, DC 20036

        /s/ Richard A. Samp
        Richard A. Samp
        Counsel for *amicus curiae*
        Washington Legal Foundation

Dated: February 17, 2016

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2016, I electronically filed the motion of Washington Legal Foundation for leave to file an *amicus curiae* brief, with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    /s/ Richard A. Samp
    Richard A. Samp